461 P.2d 413

**Ola Belle HOUCHEN, Plaintiff-Appellant,**

v.

**Philip HUBBELL, Defendant-Appellee.**

**No. 8884.**

Supreme Court of New Mexico.

Nov. 24, 1969.

ico, to quiet plaintiff's title to a tract of land. Defendant cross-claimed for quiet title against plaintiff. The cause was tried without a jury and judgment was entered for defendant. Plaintiff appeals.

Plaintiff alleges fee simple title in and to the northerly 1.13 acres and the southerly 0.85 acres in Tract No. 332, Unit 8, of the Town of Atrisco Grant, School District 28, Bernalillo County, New Mexico. Defendant claims fee simple title to the same tract and alleges that he quieted title to the tract in 1952, pointing out that the New Mexico State Highway Commission, in 1965, dealt with him as being the true owner. The defendant's quiet title suit in 1952 and the highway condemnation action in 1965 contained the usual provision of "unknown claimants of interest." Neither action named plaintiff or her predecessors in title as party defendants.

For a determination of the issue here involved, we only consider appellant's point I, which is:

"Service by publication against 'unknown claimants of interest' in quiet title action does not affect the title of a person whose deed to that property is on record in the deed records of the county in which the real estate in question is located."

The Town of Atrisco executed three separate deeds which were properly recorded conveying Tract 332 to three separate grantees. The first of these deeds in 1939 was to plaintiff's predecessors in title. The third deed in 1940 was to defendant's predecessors in title. Both appellant and appellee assessed the property and paid taxes thereon through 1968.

In appellee's quiet title suit in 1952, the abstractor failed to find appellant's deed in the chain of title. Therefore, she was not named as a party defendant. Another abstractor, in preparing a supplemental abstract, found appellant's name through her recorded deed, which was prior in time by some six months to the deed of appellee.

Section 71–2–1, N.M.S.A., 1953 Comp., provides for the recording of instruments affecting the title to real estate. Section

Hartley, Olson & Baca, Earl E. Hartley, Albuquerque, for plaintiff-appellant.

Claud S. Mann, Albuquerque, for defendant-appellee.

## OPINION

TACKETT, Justice.

This action was commenced in the District Court of Bernalillo County, New Mex-

71–2–2, N.M.S.A., 1953 Comp., constructive notice of contents, provides:

> "Such records shall be notice to all the world of the existence and contents of the instruments so recorded from the time of recording."

 The question to be resolved is whether appellant was properly served with process by substituted service under the style "unknown claimants of interest," when, as a matter of fact, her deed was of record as of December 1, 1939. We think not. It is a well-established doctrine that our statute, § 21–1–1(4) (g), N.M.S.A., 1953 Comp., authorizing substituted, as distinguished from personal, service of process is to be strictly construed. It does not permit the joinder as a defendant, under the designation "unknown claimants of interest" in a suit to quiet title, of one in possession, or whose claim of interest could have been ascertained by ordinary inquiry and diligence, thus permitting joinder as a defendant by name. Murray Hotel Co. v. Golding, 54 N.M. 149, 216 P.2d 364 (1950), and cases there cited.

Appellee contends that due diligence and inquiry had been exercised in attempting to learn the names of all individuals in the chain of title. This contention is without merit as the abstractor, through omission or inadvertence, failed to adequately search the record and thereby did not find appellant's name or the name of her predecessors in title.

Appellee further contends that the property here involved is not the same as that contained in appellant's deed. We cannot agree with this contention as the witness Bettis, the surveyor, testified with certainty that, from the description contained in the deeds, he was able to locate the property on the ground, and that the survey description covered the land in the deed. Marquez v. Padilla, 77 N.M. 620, 426 P.2d 593 (1967).

The cause is reversed and remanded with direction to enter a judgment in favor of plaintiff-appellant, quieting her title to the land involved. Each party shall bear his own costs.

It is so ordered.

COMPTON, J., and J. V. GALLEGOS, District Judge, concur.