505 P.2d 60

**HOUSEHOLD FINANCE CORPORATION, Plaintiff-Appellee,**

v.

**Colleen McDEVITT, Defendant-Appellant.**

**No. 9510.**

Supreme Court of New Mexico.

Jan. 5, 1973.

466

Gary J. Martone, Albuquerque, for appellants.

No appearance for appellee.

## OPINION

McMANUS, Chief Justice.

Appellant, Colleen McDevitt, was purportedly served with a summons and complaint filed by Household Finance Corporation, appellee. The service was made on her husband Gerald at 12812 Constitution Road NE, Albuquerque, New Mexico, and upon Gerald for Colleen, his wife, who did not receive the documents in person. Upon lack of an answer a default judgment was entered by the District Court of Bernalillo County against appellant who filed a motion for relief. The relief from default judgment was denied and this appeal followed.

Appellant and her husband were living together in the same house on Constitution Road until the last week of March, 1971. At this time appellant moved to an address on Garcia Street to live with a friend until she could move into her own home in San-

dia Park, New Mexico. She did in fact move to Sandia Park on April 15, 1971. The service referred to herein was made on her husband on April 5, 1971, at the home on Constitution Road. During all of this time appellant's daughters were with her. At the time of the move to Sandia Park she returned to the Constitution Road address for the purpose of picking up her bed and those of her daughters. The record further reflects that Colleen and Gerald had been having marital difficulties for some time and her move from the Constitution Road house was with his consent.

Appellant claims error in the proceedings in that she was not served with process in compliance with § 21–1–1(4)(e)(1), N.M.S.A.1953, which says, in part:

"If the defendant be absent, service may be made by delivering a copy of the process or other papers to be served, to some person residing at the usual place of abode of the defendant, over fifteen [15] years of age; and if no such person be found willing to accept a copy, then service shall be made by posting such copies in the most public part of defendant's premises."

First we must decide whether or not 12812 Constitution Road NE, Albuquerque, New Mexico, was the "usual place of abode of the defendant" under the circumstances of this case at the time of service. Usual place of abode has been variously described. It is obvious that the cases are divided on this general problem, and must be decided on the specific facts of each case. Also, this statute authorizing substituted service of process is to be strictly construed. Houchen v. Hubbell, 80 N.M. 764, 461 P.2d 413 (1969).

In the case of Williamson v. Taylor, 96 W.Va. 246, 122 S.E. 530 (1924), the court correctly described the situation as follows:

"Under the statute 'the usual place of abode' means the customary place of abode at the very moment the writ is left posted; hence, where the writ is left posted at a former place of abode, but

from which defendant had, in good faith, removed, and taken up his place of abode elsewhere, service so had is ineffective and invalid."

We believe the same reasoning applies when the statute allows papers to be left with some person residing at the usual place of abode. In our case, the appellant had moved prior to service, had a permanent place to move to, but had an interim place to stay awaiting the readiness of the permanent abode. Defendant's claimed intention to change her usual place of abode from the Constitution Road address is substantiated by the fact that defendant never returned to that address to live, plus the fact that the parties defendant were subsequently divorced. Consequently, the Constitution Road address was not the "usual place of abode" of the appellant at the time of service of process.

Therefore, the judgment denying appellant's motion to vacate must be reversed. It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.