**Jan BEAM, individually, Appellant,**

**v.**

**Theodore M. and Linda ADAMS, Appellees.**

**No. S–1955.**

Supreme Court of Alaska.

Feb. 5, 1988.

Jan Beam, pro se.

Richard B. Collins, Anchorage, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

### OPINION

PER CURIAM.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In February 1978 Jan Beam filed suit against Linda Adams (Linda) and Theodore Adams (Ted) for various damages allegedly caused by the Adams' refusal to vacate their Anchorage residence following foreclosure by Beam. Process was served on both Linda and Ted at the Anchorage residence. Linda personally received service for both. Beam obtained a judgment in that action against Linda and Ted in 1980.

Unbeknownst to both Beam and the process server, Linda and Ted had been divorc-

ed in December 1977. Linda had been awarded the residence in accordance with a property settlement. Ted now asserts that he moved from the residence in "late August, the first of September, 1977," and knew nothing of Beam's damage suit until she served him with a Motion for Issuance of Execution after Five Years.[1]

In the 1978 damage suit attorney Sam Pestinger had appeared purportedly on behalf of both Linda and Ted. Pestinger now states, in an affidavit, that Linda asked him to represent both herself and Ted in the suit, but that he never actually spoke with Ted, nor did he know of the Adams' divorce.

In 1986 Beam filed a Motion for Issuance of Execution after Five Years to collect the judgment awarded in 1980. Ted opposed on the ground that service of process on him at his former wife's residence did not meet the requirements of Alaska Civil Rule 4, and as a result the previous judgment is void.

The trial court agreed with Ted and denied Beam's motion. Beam appeals. We affirm.

## II. DISCUSSION

### A. SERVICE OF PROCESS ON TED AT LINDA'S RESIDENCE WAS INSUFFICIENT FOR THE COURT TO GAIN PERSONAL JURISDICTION OVER TED.

■■■ Service of process is a preliminary requirement to a court obtaining personal jurisdiction over a party. It satisfies the notice requirement essential to due process of law.[2] *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Pew v. Foster*, 660 P.2d 447 (Alaska 1983); *Aguchak v. Montgomery Ward Co.*, 520 P.2d 1352 (Alaska 1974).

However, while it is clear that notice is a requirement of due process of law under both the United States and Alaska constitutions,[3] this court has never construed the specific requirements of Civil Rule 4(d)(1), which allows for substituted service. That rule states:

(d) *Summons—Personal Service.* The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

(1) Individuals. Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally, or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Alaska R.Civ.P. 4(d)(1). The current case brings into question the meaning of the

---

1. AS 09.35.020 provides:
   *Issuance of execution after five years.* When a period of five years has elapsed after the entry of judgment and without an execution being issued on the judgment, no execution may issue except by order of the court in which judgment is entered. The court shall grant the motion if the court determines that there are just and sufficient reasons for the failure to obtain the writ of execution within five years after the entry of judgment.

2. Service of process is so basic that a judgment will be declared void where service is improper. *Aguchak v. Montgomery Ward Co.*, 520 P.2d 1352, 1354 (Alaska 1974). As a result, a judgment based on faulty service can be challenged as void under Rule 60(b)(4). Alaska R.Civ.P. 60(b)(4). Challenge to a void judgment may be

made within any reasonable time. Alaska R.Civ.P. 60(b). The standard of review for Civil Rule 60(b) decisions is abuse of discretion. *O'Link v. O'Link*, 632 P.2d 225, 231 (Alaska 1981). It is axiomatic that Ted must have waited until he was aware of the judgment against him before he could challenge the judgment as void.

3. U.S. Const. amend. XIV, § 1 provides in part:
   *Citizenship rights not to be abridged by states....* No state shall ... deprive any person of life, liberty, or property, without due process of law; ...
   Alaska Const. art. I, § 7 provides in part:
   *Due Process.* No person shall be deprived of life, liberty, or property, without due process of law.

clause "dwelling house or usual place of abode." Ted contends that process left with his ex-wife at the residence he had vacated some six months prior to service does not satisfy the requirement that service be made at a party's "dwelling house or usual place of abode."

Other courts construing this clause have noted that because its purpose is to provide a party with reasonable notice of pending litigation, its interpretation is unique and does not depend on notions of "domicile" or "legal residence." *See, e.g., Blackhawk Heating & Plumbing v. Turner*, 50 F.R.D. 144 (D.Ariz.1970) (service left with daughter at apartment in Arizona sufficient where party, although recently moved to California, maintained contacts with apartment); *Thoenes v. Tatro*, 270 Or. 775, 529 P.2d 912, 917–19 (1974) (student's usual place of abode was home in Colorado, not parent's house in Oregon, despite fact that he maintained parent's home as legal residence); 2 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 4.11[2], at 4–131 (2d ed. 1986) [hereinafter 2 Moore's Federal Practice]. However, recognizing that the rule has a unique purpose has not led to a clear definition of its requirements. Professor Moore comments: "Decisions construing the term have not come up with any hard and fast definition. The facts of each case will determine what constitutes a 'dwelling house or usual place of abode within the meaning of the statute or rule.'" 2 Moore's Federal Practice ¶ 4.11[2], at 4–128 (footnotes omitted).

■ The facts in this case, as contained in the record, show that Ted moved from his ex-wife's residence some six months prior to service of process. There is no indication that Ted frequented the residence after that time. Thus, the record does not support a finding that Linda's residence was Ted's "dwelling house or usual place of abode." *See Williams v. Capital Transit Co.*, 215 F.2d 487 (D.C.Cir. 1954) (where defendant separated from wife, wife's residence was not defendant's usual place of abode for purposes of service); *Household Fin. Corp. v. McDevitt*, 84 N.M. 465, 505 P.2d 60 (1973) (leaving service at former residence, with ex-husband, insufficient to acquire jurisdiction over defendant).

Beam, however, asserts additional facts in her brief which, if true, could support a finding that Linda's residence was Ted's "usual place of abode" for purposes of Rule 4(d)(1).[4] Beam did not raise these matters before the trial court. After Ted put service of process in issue, it was incumbent on Beam to come forth with some evidence controverting Ted's allegations. Not having done so, Beam cannot now be heard to argue matters not of record.[5]

## B. LINDA DID NOT ACT AS TED'S AGENT FOR SERVICE OF PROCESS.

Civil Rule 4 also allows substituted service on "an agent authorized by appointment or by law to receive service of process." Alaska R.Civ.P. 4(d)(1). Courts construing this clause have given it a narrow interpretation. Professor Moore writes:

> The phrase "an agent authorized by appointment to receive service of process" is intended to cover the situation where an individual actually appoints an agent for that purpose. Where actual appointment to accept service is not shown, the service is invalid....
>
> ... [T]he mere appointment of an agent, even with broad authority, is not enough; it must be shown that the agent

---

4. For instance, Beam asserts in her brief that Ted's employment was transient. As a result, he established no usual place of abode upon leaving his ex-wife's residence. While this fact might be relevant, it is not contained in the record.

5. The procedural context within which this case was presented to the superior court was ill-defined by the parties. Ted filed an opposition to Beam's motion, supported by a memorandum and Ted's affidavit directly raising the question of service of process. Contemporaneously he filed a verified answer raising the same question. Beam then filed an unverified reply, unsupported by any affidavit. Ted's answer would correctly be treated as a motion to vacate under Civil Rule 60(b)(4), and his opposition, memorandum and affidavit as a motion for summary judgment under Civil Rule 56.

had specific authority, express or implied, for the receipt of service of process....

The agent's acceptance of service, or his own statement as to his authority, is insufficient, standing alone, to establish authorization to receive process.

2 Moore's Federal Practice ¶ 4.12, at 4–138–43 (footnotes omitted); *see also Bray v. Bayles*, 4 Kan.App.2d 596, 609 P.2d 1146 *aff'd in pertinent part*, 228 Kan. 481, 618 P.2d 807 (1980) (receptionist not agent for service of process without having been so appointed); *Bryant v. Wybro Fed. Credit Union*, 544 P.2d 1010 (Wyo.1976) (when record shows that persons served was not defendant's authorized agent to receive service of process, court has no jurisdiction over defendant); 2 Moore's Federal Practice ¶ 4.12, at 4–142–43, nn. 10 & 11. Thus, unless Ted had expressly or impliedly made his ex-wife an agent for service of process, most courts would hold that she could not be an agent. There are no facts in the record to support Beam's contention that Linda was Ted's agent.

### III. CONCLUSION

For the above reasons we conclude that the trial court did not abuse its discretion in holding Beam's previous judgment void. Therefore, the judgment is AFFIRMED.