*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| JON BUCHHOLDT,<br><br>          Appellant,<br><br>    v.<br><br>JEREMY NELSON and ERIN R.<br>GONZALEZ-POWELL,<br><br>          Appellees. | Supreme Court No. S-18341<br><br>Superior Court No. 3AN-18-06395 CI<br><br>O P I N I O N<br><br>No. 7669 – August 18, 2023 |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Una S. Gandbhir, Judge.

Appearances: Dylan C. Buchholdt, Anchorage, for Appellant. Darryl L. Thompson, Darryl L. Thompson, P.C., Anchorage, for Appellee Jeremy Nelson. No appearance by Appellee Erin Gonzalez-Powell.

Before: Winfree, Chief Justice, Maassen, Carney, Borghesan, and Henderson, Justices.

CARNEY, Justice.

## I.    INTRODUCTION

A self-represented litigant was awarded $200,000 in judgments against his former attorneys. One of the attorneys, who had not appeared in the litigation, filed a motion to set aside the judgment and, when that was denied, a motion for reconsideration. The superior court denied both motions and the attorney appeals, arguing he was never properly served and the superior court therefore lacked personal

jurisdiction over him. We conclude that he did not meet his burden of establishing that the judgment was void. We therefore affirm the denial of his motions.

## II.   FACTS AND PROCEEDINGS

### A.   Facts

In January 2018 Jeremy Nelson sued his former attorneys, Jon Buchholdt and Erin Gonzalez-Powell, alleging legal malpractice. In June Nelson, who was incarcerated and representing himself, sent the summons and complaint by certified, restricted mail to Buchholdt's law office. The filings were rerouted to Buchholdt's home and the receipt was signed by "Suz Miller," who Nelson alleges was Buchholdt's paralegal. The return receipt indicated that Miller was Buchholdt's "agent." Other documents relating to the lawsuit, including cross-filings from Gonzalez-Powell, were apparently delivered by hand or in person. In August the court issued a Notice of Dismissal for Failure to Serve. In September Nelson filed an affidavit and attached the return receipt. In April 2019 Buchholdt filed for bankruptcy in federal court and listed Nelson's lawsuit — by its case number — as a contingent liability.

### B.   Proceedings

The superior court held two days of trial in 2020, one in February and the other in July. Nelson participated by telephone from jail each day; Gonzalez-Powell appeared on only the first day; Buchholdt never appeared. In September 2020 the superior court found in favor of Nelson, noting that Buchholdt "never filed an Answer to either Complaint, failed to appear for any of the procedural matters listed . . . and otherwise failed to defend . . . despite the Court's many attempts to solicit a response after multiple notices." In April 2021 the superior court awarded Nelson $100,000 in damages from each defendant.

Two months later Buchholdt filed a motion for relief from judgment based on Alaska Civil Rule 60(b)(4), arguing that the judgment against him was void because he was never properly served. Buchholdt stated in his affidavit that he "had no reason to believe that [he] was a named defendant or party in [the] plaintiff's lawsuit." Nelson

opposed the motion, and the court denied it in December 2021. Buchholdt filed a motion for reconsideration making the same argument.[1] Nelson again opposed and the court denied reconsideration in January 2022.

Buchholdt appeals, arguing that the superior court erred because he was never properly served.[2]

## III. STANDARD OF REVIEW

We apply our independent judgment to the denial of a motion for relief under Rule 60(b)(4) because "the validity of a judgment is strictly a question of law."[3] Questions of personal jurisdiction are also legal questions to which we apply our independent judgment.[4] When reviewing legal questions, "[w]e 'adopt the rule of law that is most persuasive in light of precedent, reason, and policy.' "[5]

The denial of a motion for reconsideration under Alaska Civil Rule 77(k) is reviewed for abuse of discretion.[6] "The abuse of discretion standard asks 'whether the reasons for the exercise of discretion are clearly untenable or unreasonable' and fall outside the boundaries of reasonable responses."[7] Our review "does not focus on the

---

[1]    *See* Alaska R. Civ. P. 77(k) (listing grounds for reconsideration).

[2]    Gonzalez-Powell is not participating in this appeal.

[3]    *Schweitzer v. Salamatof Air Park Subdivision Owners, Inc.*, 308 P.3d 1142, 1146 (Alaska 2013) (quoting *Aguchak v. Montgomery Ward Co.*, 520 P.2d 1352, 1354 (Alaska 1974)).

[4]    *Harper v. BioLife Energy Sys., Inc.*, 426 P.3d 1067, 1071 (Alaska 2018).

[5]    *Schweitzer*, 308 P.3d at 1147 (quoting *Guin v. Ha*, 591 P.2d 1281, 1284 n.6 (Alaska 1979)).

[6]    *Smith v. Groleske*, 196 P.3d 1102, 1105 (Alaska 2008).

[7]    *Moore v. Moore*, 349 P.3d 1076, 1084 (Alaska 2015) (footnote omitted) (quoting *Burke v. Maka*, 296 P.3d 976, 980 (Alaska 2013)).

merits of the underlying decision, but only on the propriety of the denial of reconsideration."[8]

## IV. DISCUSSION

Rule 60(b)(4) allows a party to move for relief from a judgment if the judgment is void.[9] Judgments can be void for a number of reasons, including a lack of personal jurisdiction resulting from improper service of process.[10] Buchholdt argues that he was not properly served by mail because he never personally signed for the service. He claims that the superior court therefore lacked personal jurisdiction and its judgment is void. Nelson argues that he properly served Buchholdt because a self-described agent signed for the summons and complaint. Nelson also argues that the judgment should not be voided because Buchholdt apparently received actual notice and then misled the court about it.

"[T]he burden of establishing a basis for relief [under Rule 60(b)] falls on the party seeking it."[11] This includes "the burden of demonstrating want of jurisdiction."[12] Buchholdt alleges that jurisdiction was improper, but he did not meet

---

[8] *Smith*, 196 P.3d at 1106.

[9] Alaska R. Civ. P. 60(b) ("On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void[.]").

[10] *See Bartlett v. State, Dep't of Revenue, Child Support Enf't Div. ex rel. Bartlett*, 125 P.3d 328, 331 (Alaska 2005).

[11] *Gross v. Wilson*, 424 P.3d 390, 396 (Alaska 2018).

[12] *Aguchak v. Montgomery Ward Co., Inc.*, 520 P.2d 1352, 1354 (Alaska 1974).

In a prior case, *Beam v. Adams*, we seemed to place the burden of establishing jurisdiction on the non-moving party in a Rule 60(b) motion. 749 P.2d 366, 368-69 (Alaska 1988). But *Beam* arose from an "ill-defined" procedural posture in which neither party actually filed a motion under Rule 60(b); the superior court simply treated one of the party's filings as such a motion. *Id.* at 368 n.5. Though we

his burden to set forth the underlying facts. Buchholdt filed an affidavit in support of his motion, stating that he was "never . . . personally served with the Summons and Complaint in [this] matter via process server[,] certified mail, or alternative court-approved service methods."[13]  Even assuming their truth, his factual assertions do not contradict evidence in the record from Nelson that he successfully served Buchholdt. Nelson submitted a signed certificate of service, with a certified mail receipt, to the superior court.  Buchholdt also named the case — by its case number — when filing for bankruptcy.  While we do not hold that this would have been sufficient to establish jurisdiction — nor do we presume that Miller was in fact Buchholdt's agent[14] — Buchholdt was aware of this evidence and needed to rebut it.  But nowhere in his affidavit did Buchholdt state that he did not have an agent or that "Suz Miller" lacked authority to accept service of process on his behalf.

Buchholdt asserts on appeal that he "did not have an agent who was authorized by commission or law to receive personal service of a summons and complaint via restricted delivery to addressee on his behalf."  But Buchholdt, as the movant, had "the burden of proving his entitlement to relief" before the superior court.[15] He did not, and an unsupported, unsworn assertion — made for the first time on appeal — is insufficient to show that the superior court committed legal error by denying his

---

cited *Aguchak* in *Beam*, we did not cite that case's rule placing the burden on movants. *Id.* at 367 n.2.  That holding pre-dated *Beam* and remains the rule now.

[13]     Buchholdt also stated in his affidavit that he had "never been personally served . . . in this matter or, to [his] knowledge, served with any subsequent . . . pleadings, motions, orders, or notices from the parties or the Court until . . . the week of June 13th, 2021."  And he stated that he "had never seen the Summons and Complaint . . . nor the June 7, 2018 certified return receipt card . . . until June 23, 2021, when [his] attorney provided [him] with copies of the documents."

[14]     Indeed we said in *Beam* that an agent's authorization could not be shown solely by the putative agent's own statements.  *See Beam*, 749 P.2d at 369.

[15]     *Sandoval v. Sandoval*, 915 P.2d 1222, 1224 (Alaska 1996).

Rule 60(b) motion or that it abused its discretion when it denied his motion for reconsideration.[16]

## V. CONCLUSION

We AFFIRM the superior court's denial of Buchholdt's motions for relief and for reconsideration.[17]

---

[16] *See Richards v. Univ. of Alaska*, 370 P.3d 603, 614 (Alaska 2016) (holding that presumption was not rebutted because claimant "provide[d] no actual evidence" and "argument is not evidence").

[17] We do not reach either Nelson's or Buchholdt's other arguments.