Mattfi ABRUSKA, Appellant,

v.

## DEPARTMENT OF CORRECTIONS, STATE OF ALASKA, Appellee.

No. S–6063.

Supreme Court of Alaska.

Sept. 8, 1995.

Mattfi Abruska, Seward, pro se.

Timothy W. Terrell, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for appellee.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

### OPINION

MOORE, Chief Justice.

In this pro se appeal from a Department of Corrections (DOC) disciplinary ruling, Mattfi Abruska contends that DOC's actions during the disciplinary process deprived him of due process of law. We reverse and remand.

### I. FACTS AND PROCEEDINGS

Mattfi Abruska is an inmate at the Spring Creek Correctional Center. On June 21, 1992, corrections officer Diane Pillars filed an incident report charging Abruska with violating 22 AAC 05.400(d)(1) (prohibiting indecent exposure). In her report, Officer Pillars stated that Abruska had deliberately exposed his genitals to her on several occasions during night-time security checks of Abruska's dorm module.

On June 26, 1992, Abruska was notified of the pending charges and the scheduled disciplinary hearing date—July 8, 1992. He was also allowed to select a staff advocate to help him prepare for the hearing. Two days before the scheduled hearing, Abruska notified the disciplinary committee that he waived the assistance of a staff advocate at the hearing. He also requested that Officer Pillars and two inmates, Frank Prince and Stanley George, testify at the hearing.

On July 8, 1992, the disciplinary committee met briefly and then postponed the hearing for thirty working days, citing the fact that Officer Pillars was not available to testify. Abruska was notified of the new hearing date on August 10 and was provided with a new staff advocate. This staff advocate discussed the hearing process with Abruska several days before the rescheduled hearing. Abruska again requested that Officer Pillars and inmates George and Prince testify at the hearing.

At the August 19th hearing, Abruska denied that he had deliberately exposed himself to Officer Pillars. Abruska did not question Officer Pillars, who was present at his request. The disciplinary chairperson denied Abruska's request to have inmates Prince and George testify on the grounds that they were not party to the incident.

After the hearing, the disciplinary committee concluded that Abruska had committed the infraction and sanctioned him with one week of restriction to his living module. Abruska appealed this decision to the Spring Creek Acting Superintendent and to the Director of Institutions. Both appeals were denied.

Abruska appealed this decision to the superior court, arguing that DOC's actions during the disciplinary process had violated his right to due process. Abruska also asserted that his staff advocate had refused to assist him in preparing his appeal and that this refusal had violated his right to due process. The superior court affirmed DOC's disciplinary action. This appeal followed.

## II. *DISCUSSION*

■ This court has held that a prison disciplinary proceeding is not a criminal trial and that an inmate is therefore not entitled to the full array of constitutional rights due the accused in a criminal proceeding. *McGinnis v. Stevens*, 543 P.2d 1221, 1225–27 (Alaska 1975) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974)). An inmate facing a major disciplinary proceeding is, however, entitled to a number of procedural safeguards under the Due Process Clauses of the federal and state constitutions. *Id.* at 1225–36.

■ Appellate courts have jurisdiction to review DOC administrative decisions which implicate an inmate's constitutional rights.[1] *Owen v. Matsumoto*, 859 P.2d 1308, 1309–10 (Alaska 1993). Whether an inmate has received procedural due process is an issue of constitutional law which this court

reviews de novo. *Brandon v. Department of Corrections*, 865 P.2d 87, 88 (Alaska 1993).

### A. *Postponement of Disciplinary Hearing*

■ Abruska argues that he was deprived of his right to due process because the disciplinary committee postponed the July 8th hearing without adequate cause.

Under 22 AAC 05.435(a), the disciplinary committee must postpone a disciplinary hearing if the accused inmate has requested the presence of the staff member who wrote the disciplinary report and the staff member is temporarily unavailable at the time of the scheduled hearing. *See also* 22 AAC 05.425.

In this case, the disciplinary committee met briefly on July 8 and postponed the hearing for thirty working days after determining that Officer Pillars, whose presence had been requested by Abruska two days earlier, was temporarily unavailable. Abruska met with his staff advocate to prepare for the August 19th hearing on August 15.

Abruska contends that Officer Pillars was available on July 8 and that DOC arbitrarily decided to postpone the hearing. He also contends that he did not receive notice of the postponement until August 15, 1992, and that DOC personnel fabricated documents in an attempt to show that he had received earlier notice.

Abruska's arguments have little merit. The disciplinary committee's decision to postpone the original hearing comports with DOC regulations. *See* 22 AAC 05.435. Furthermore, Abruska has failed to show that the postponement prejudiced his ability to present a defense.

### B. *Witnesses*

An inmate facing a major disciplinary hearing is entitled to call witnesses and present documentary evidence subject to certain limitations. DOC regulations provide:

---

1. In his brief, Abruska repeatedly asserts that he did not intentionally expose himself to Officer Pillars. He provides a number of alternative explanations of the incident to support his claim that the exposure was inadvertent. To the extent

that Abruska is challenging the disciplinary committee's finding that he committed the cited offense, this issue is not properly before this court on appeal.

The chairperson of the disciplinary committee may decline, for compelling reasons, to call a witness that the accused prisoner or advocate has requested to appear, and may restrict the introduction of other evidence to avoid repetitious or irrelevant evidence or to avoid a risk of reprisal or undermining of security.

22 AAC 05.430(c). Furthermore, as we observed in *McGinnis:*

To the extent that the calling of witnesses and presentation of evidence is repetitious or irrelevant, the chairman of the disciplinary committee is vested with the discretion under the Division's regulations, to limit testimony and the production of other evidence.

543 P.2d at 1230.

■ In this case, Abruska contends that his right to due process was violated because the disciplinary committee refused to call inmates Frank Prince and Stanley George as witnesses. According to Abruska, Prince and George would have testified that Officer Pillars had cited them for similar conduct and that these charges were false. To the extent that this testimony would have tended to show that Officer Pillars had a history of filing similar unfounded charges against Native males, it was relevant to impeach Officer Pillars' account of the incident. The committee's chairperson thus erred in refusing to permit the proposed testimony.

■ This error was compounded by the committee's failure to comply with the procedural requirements set forth in 22 AAC 05.420(b)(5)(A):

if the prisoner or the disciplinary committee has requested the appearance of the staff member who wrote the disciplinary report, the staff member must be called into the room and questioned under 22 AAC 05.435 and 22 AAC 05.445;

A plain reading of this subsection indicates that the disciplinary committee must ques-tion the staff member who wrote the disciplinary report *whenever* the inmate has requested the appearance of the writer of the report.[2] Because the disciplinary committee failed to question Officer Pillars when she was called into the hearing, it failed to comply with this requirement.

Abruska was denied the opportunity to have the committee hear testimony from any of the witnesses he had requested. The committee's failure to question Officer Pillars, together with the chairperson's exclusion of the testimony of the two inmate witnesses, deprived Abruska of fundamental due process rights under the Alaska Constitution. *Brandon,* 865 P.2d at 90. We therefore remand this case to the superior court with directions to order the disciplinary committee to set aside Abruska's conviction and to conduct a new disciplinary hearing.

### C. Assistance of Staff Advocate During Appeals Process

■ Finally Abruska asserts that he was denied due process because his staff advocate refused to assist him in preparing his internal agency appeals and his subsequent appeal to the superior court. However, nothing in the record on appeal substantiates Abruska's claim that he requested the assistance of his staff advocate at any stage of the appeals process.

In any case, this argument necessarily fails because Abruska did not have a *constitutional right* to a staff advocate at any stage of the disciplinary process. *See McGinnis,* 543 P.2d at 1225–26, 1231–32. In *McGinnis,* this court adopted the *Wolff* rule regarding an inmate's right to counsel in major disciplinary proceedings and held that an inmate who is either illiterate or facing a complex case is constitutionally entitled to a staff advocate. *Id.* Abruska does not fall into either of these two categories. Therefore, even if Abruska's staff advocate did refuse to help him prepare

2. This subsection requires both that the writer of the report "be called into the room" and that the writer of the report "be questioned under 22 AAC 05.435 [governing the presentation of defense witnesses and evidence] and 22 AAC 05.445 [governing the examination of witnesses by both the defendant and the disciplinary committee]."

Under a straightforward reading of this language, the same subject is attributed to both verbs; or, in other words, this provision requires the committee chairperson both to call the writer of the report into the room *and* to question this individual. This reading is consistent with the overall organization of subsection (b)(5).

his appeals, this refusal would not implicate Abruska's right to due process under either the federal or state constitution.

REVERSED and REMANDED.