Richard BRANDON, Appellant,

v.

STATE of Alaska, DEPARTMENT OF CORRECTIONS, Appellee.

No. S–10056.

Supreme Court of Alaska.

July 18, 2003.

---

**7.** *See* AS 23.30.095.

Richard Brandon, pro se, Palmer.

Timothy W. Terrell, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: FABE, Chief Justice,
MATTHEWS, EASTAUGH, BRYNER, and
CARPENETI, Justices.

## OPINION

CARPENETI, Justice.

## I. INTRODUCTION

Richard Brandon alleges that the Department of Corrections violated his federal and Alaska constitutional rights to an impartial factfinder and to due process generally by allowing a single hearing officer to decide his disciplinary hearing in violation of the version of the Alaska Administrative Code that was in effect at the time. He also requests that we hold that this error is a violation of the *Smith v. Cleary* final settlement agreement. We find no constitutional violation, and because any violation of the *Cleary* agreement was harmless error, we decline to reach the *Cleary* issue.

## II. FACTS AND PROCEEDINGS

### A. Facts

On October 22, 1999 Richard Brandon, an inmate at the Spring Creek Correctional Center in Seward, was searched and found to have tobacco in his pocket. Because smoking tobacco is forbidden in state correctional facilities,[1] Brandon was charged with a violation of 22 Alaska Administrative Code (AAC) 05.400(c)(7) (Supp.2003),[2] which is a "high-

---

**1.** AS 33.30.015 reads in relevant part: "(a) On and after August 27, 1999, the commissioner [of Corrections] may not ... (3) allow a prisoner held in a state correctional facility operated by the state to ... (J) smoke or use tobacco products of any kind."

**2.** This regulation provides in relevant part that "[h]igh-moderate infractions include the follow-

moderate" infraction on the state's scale of minor, low-moderate, high-moderate, and major infractions.[3] A disciplinary hearing was conducted by a single hearing officer on November 8, 1999. Brandon called no witnesses and conceded his possession of the tobacco, but pled not guilty and argued only that he should have been charged with a lesser infraction. He was found guilty and sentenced to fifteen days of punitive segregation, which was suspended for 180 days.

The rules regarding the composition of disciplinary hearing bodies in Alaska correctional institutions have a somewhat complicated history. Beginning in 1977 all but minor infractions were heard by three-member panels pursuant to 22 AAC 05.450(a); a single hearing officer was used only to adjudicate minor infractions.[4] Section VII.C of the Final Settlement Agreement (FSA) of *Smith v. Cleary,*[5] a 1990 class action settlement governing numerous aspects of prison conditions in Alaska, refers repeatedly to these two possible types of board composition but does not specify when a three-member panel is required. The final Order of the *Cleary* FSA also states that "[i]f any provisions herein are in conflict with existing provisions of Title 22 of the Alaska Administrative Code ... the terms of this Order shall supercede the conflicting provisions." In February 1997, apparently believing that the *Cleary* FSA absolved it of its duties to follow

the AAC, the Department of Corrections (DOC) altered its internal Policy and Procedure manual and began using three-member panels to adjudicate only major infractions, and in 1999 amended 22 AAC 05.450(a) to reflect this change.[6] Even though the DOC had already been using this system for some time, it circulated a notice to inmates of the amendment to 22 AAC 05.450(a) and informed them that the changes would take effect on November 13, 1999. As noted above, a single hearing officer presided over Brandon's hearing on November 8, 1999, five days before the regulatory change took effect.

### B. Proceedings

Brandon appealed the guilty finding to the Spring Creek superintendent on the sole ground that his hearing had been conducted by a single hearing officer instead of the three-member committee required by the version of 22 AAC 05.450(a) in force at the time of his infraction and hearing. The superintendent denied this request on the grounds that the *Cleary* FSA "clearly permits the use of [either] a disciplinary committee or hearing officer for disciplinary hearings," that the final Order of the FSA supercedes Title 22 of the AAC, that Brandon's constitutional ability to defend himself had not been adversely affected, and that any error was harmless under 22 AAC 05.610.[7] Brandon appealed to the Director

---

ing: ... (7) possession, use, or introduction of contraband ... which directly threatens the security of the facility, such as excess money or unauthorized drugs." The state claims that tobacco is such contraband by virtue of its disruptive barter value in the no-smoking environment created by AS 33.30.015(a)(3)(J).

**3.** 22 AAC 05.400(a) provides that "[p]rohibited conduct for prisoners in state facilities is governed by (b)-(e) of this section. A violation must be punished as either a major, high- or low-moderate, or minor infraction."

**4.** *See* former 22 AAC 05.450(a) (1991) (effective Sept. 10, 1977) (providing that "[t]he disciplinary committee must be composed of three members appointed by the superintendent, unless the infraction charged is a minor infraction. In the case of a minor infraction, the superintendent may appoint a single member to hear the matter"); *compare McGinnis v. Stevens,* 543 P.2d 1221, 1228 (Alaska 1975) (holding that a three-member panel consisting of prison officials and, potentially, inmates is sufficiently impartial to

adjudicate major infractions: "Insofar as knowledge of the conditions of the prison environment is important to an understanding of the significance of events which occur therein, prison officials and offenders theoretically comprise an ideal disciplinary hearing committee.").

**5.** 3AN–81–5274 Ci. (Alaska Super., September 21, 1990).

**6.** In Register 152, effective November 13, 1999, 22 AAC 05.450(a) (Supp.2003) was altered to provide in relevant part that "[t]he superintendent shall appoint a single hearing officer as the disciplinary tribunal to hear a disciplinary action unless the superintendent determines appointment of a three-person disciplinary committee is necessary because the disciplinary report concerns an alleged major infraction under 22 AAC 05.400(b)."

**7.** 22 AAC 05.610 (1991) provides: "Failure of a staff member to follow the regulations set out in this chapter does not invalidate a decision absent a showing of prejudice by the prisoner."

of the Division of Institutions, who agreed with the superintendent and noted that "the regulations have now been changed to bring them into compliance with Cleary."

Brandon appealed to the superior court.[8] Superior Court Judge Donald D. Hopwood denied the appeal but found that the DOC's alteration of the disciplinary tribunal structure could have been found by the *Cleary* court to reflect a misunderstanding of the *Cleary* FSA. Brandon appeals the constitutionality of the single hearing officer procedure and asks this court to rule that 22 AAC 05.450(a) was altered in violation of the *Cleary* FSA.

## III. STANDARD OF REVIEW

Judicial review of prisoner disciplinary decisions is governed by AS 33.30.295, which provides in relevant part:

> (a) A prisoner may obtain judicial review by the superior court of a final disciplinary decision by the department only if the prisoner alleges specific facts establishing a violation of the prisoner's fundamental constitutional rights that prejudiced the prisoner's right to a fair adjudication. . . .
> (b) A disciplinary decision may not be reversed
> (1) unless the court finds that the prisoner's fundamental constitutional rights were violated in the course of the disciplinary process, and that the violation prejudiced the prisoner's right to a fair adjudication; [or]
> (2) because the department failed to follow hearing requirements set out in state statutes and regulations, unless the prisoner was prejudiced by the denial of a right guaranteed by the Alaska Constitution or United States Constitution. . . .

 We have previously held that we have jurisdiction to review DOC administrative decisions which implicate an inmate's procedural due process rights.[9] Whether an inmate has received procedural due process

is an issue of constitutional law that we review *de novo*.[10] The scope and effect of the *Cleary* final settlement agreement are contract issues that we review *de novo*.[11]

## IV. DISCUSSION

Brandon argues that he was denied due process under both the federal and state constitutions because a single hearing officer cannot be guaranteed to be an impartial adjudicator and because the DOC failed to follow its own regulations in force at the time of his hearing. He also argues that the 1999 amendment of 22 AAC 05.250(a) occurred in violation of the *Cleary* final settlement agreement § IX.B.4.b.

### A. Brandon's Constitutional Rights Were Not Violated in the Disciplinary Hearing.

Brandon argues that his disciplinary proceeding violated his right to due process of law under the U.S. and Alaska Constitutions, both of which prohibit the state from depriving citizens of "life, liberty, or property, without due process of law."[12] In this case, the deprivation of liberty that the state imposed was a suspended sentence of fifteen days of punitive segregation.

The extent of the due process guarantees of the federal and state constitutions have been interpreted differently by the United States Supreme Court and this court. As early as *Baker v. City of Fairbanks*,[13] we noted that

> [w]hile we must enforce the minimum constitutional standards imposed upon us by the United States Supreme Court's interpretation of the Fourteenth Amendment, we are free, and we are under a duty, to develop additional constitutional rights and privileges under our Alaska Constitution if we find such fundamental rights and privileges to be within the intention and spirit of our local constitutional language and to

---

**8.** AS 33.30.295(a) (providing limited circumstances in which superior court may review final decision in prison disciplinary cases).

**9.** *Abruska v. Dep't of Corrs., State*, 902 P.2d 319, 321 (Alaska 1995).

**10.** *Id.*

**11.** *Smith v. Cleary*, 24 P.3d 1245, 1247 (Alaska 2001).

**12.** U.S. Const. amend. XIV, § 1; Alaska Const art. I, § 7.

**13.** 471 P.2d 386 (Alaska 1970).

be necessary for the kind of civilized life and ordered liberty which is at the core of our constitutional heritage.[14]

A comparison of the relevant holdings of this court and the United States Supreme Court in the area of prison disciplinary proceedings shows that we have interpreted the due process guarantee under the Alaska Constitution more broadly than the United States Supreme Court has interpreted the identical provision of the United States Constitution.

■ In *McGinnis v. Stevens*,[15] we held that under the Alaska Constitution punitive segregation of a prison inmate following a major disciplinary infraction is a deprivation of liberty sufficient to trigger the right to due process.[16] In that case we set out the parameters of state constitutional due process rights to be afforded to prisoners in disciplinary proceedings: Subject to certain limitations, inmates accused of major disciplinary infractions are entitled to a disciplinary hearing marked by the right to call witnesses and produce documentary evidence, the right to confront and cross-examine witnesses, the right to counsel if the disciplinary hearing may be followed by a felony prosecution, the right to have the hearing recorded, a " 'substantially more probable than ... innocence' " standard for adjudicating guilt, and a fair and impartial hearing which may be conducted by employees of the prison system.[17]

The United States Supreme Court later reached a different and much narrower conclusion in *Sandin v. Conner*.[18] There, the Court found that because punitive segregation is almost indistinguishable from administrative segregation and protective custody, it "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" and therefore did not implicate any particular federal due process rights.[19] Accordingly, if we conclude on the basis of the Alaska Constitution that Brandon's constitutional claims have no merit, we need not reach the issue whether DOC's actions implicate due process considerations under the U.S. Constitution.[20] We turn then first to a consideration of Brandon's state constitutional claims.

### 1. The DOC's use of a single hearing officer did not violate the guarantee of a fair and impartial tribunal under the Alaska Constitution.

■ In *McGinnis v. Stevens* we held that Alaska constitutional due process requires the use of an impartial tribunal in prison disciplinary proceedings regarding major infractions.[21] Specifically, we found that a three-member hearing body "composed of prison officials, or prison officials and inmates," could constitute "a neutral and detached tribunal which is capable of following fair procedures and rendering fair decisions." [22] We required a factual showing of a pattern of bias in order to overcome this presumption of impartiality.[23] We also noted that

[s]ubstantial institutional interests other than criminality are involved in disciplinary hearings insofar as the disciplinary committee is required by the Division's regulations to "maintain proper control, conserve human values and the individual's dignity, as well as to promote desirable changes in attitude and behaviour on part of the offender." Insofar as knowledge of

---

14. *Id.* at 401–02.

15. 543 P.2d 1221 (Alaska 1975).

16. *Id.* at 1236–37. The plaintiffs in *McGinnis v. Stevens* demanded improvements in prison disciplinary procedures that resulted in removal of statutory good time toward release and "in particular punitive segregation procedures." *Id.* at 1224.

17. *Id.* at 1229, 1236–37 (quoting internal DOC regulation). In that case we also held that there is no automatic right to appeal in such proceedings. *Id.* at 1236.

18. 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

19. *Id.* at 486, 115 S.Ct. 2293.

20. *Baker v. City of Fairbanks*, 471 P.2d 386, 401–02 (Alaska 1970).

21. *McGinnis*, 543 P.2d at 1228 (construing *Wolff v. McDonnell*, 418 U.S. 539, 571, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (finding similar hearing board "sufficiently impartial")).

22. *Id.*

23. *Id.*

the conditions of the prison environment is important to an understanding of the significance of events which occur therein, prison officials and offenders theoretically comprise an ideal disciplinary hearing committee.[24]

We did not, however, specifically address the significance of multiple hearing officers *per se*, and we did not address what process is due in proceedings involving less than major infractions.

Brandon admits that the Alaska Constitution does not explicitly guarantee multiple hearing officers. He argues instead that the use of a single hearing officer cannot guarantee as much impartiality as a three-person board because any improper biases in a single officer cannot be outvoted, and because multiple officers might deliberate more carefully. While he states that "[t]he circumstances here present inherent and obvious substantive prejudice," he does not in fact allege that the hearing officer in his particular case was "not a neutral and detached tribunal which [was] capable of following fair procedures and rendering fair decisions." [25] Nor does he allege that there was "a pattern of biased disciplinary tribunals" operating in the facility where he was housed.[26]

Because single hearing officers are not in Alaska case law presumed to be biased in prison disciplinary proceedings,[27] and because Brandon offers no specific allegations of bias or explanation of why a high-moderate infraction requires adjudication by a committee instead of a single hearing officer, we hold that Brandon has not shown a violation of his Alaska constitutional right to an impartial factfinder as is required for a reversal under AS 33.30.295.

**2. The DOC's failure to follow 22 AAC 05.450(a) did not violate the guarantee of due process under the Alaska Constitution.**

 The version of 22 AAC 05.450(a) in force at the time of Brandon's infraction and hearing provided that a three-member disciplinary committee should hear the case because it was classified as a "high-moderate" infraction.[28] Instead, his case was heard by only a single hearing officer, which comported with an amended version of 22 AAC 05.450(a) that took effect a few days after the hearing.[29] Brandon argues that DOC's failure to follow its regulation also amounts to an Alaska due process violation. While it is an established proposition that an administrative agency must follow its own regulations,[30] this is a proposition of administrative law, not constitutional law.[31] Moreover, *McGinnis* carefully lists those due process protections that are required by the Alaska Constitution in a DOC disciplinary hearing, and neither multiple hearing officers nor the precise execution of every applicable section of the AAC are listed.[32] Therefore, without more, Brandon's allegations do not entitle him to relief, since AS 33.30.295(b)(2) specifically distinguishes between failures to follow regulations in DOC disciplinary hearings that result in state constitutional violations and those that do not. We conclude that Brandon has not demonstrated that his constitutional rights were violated. Under these circumstances, AS 33.30.295 does not permit reversal.

**B. Any Violation of the *Cleary* FSA Was Harmless Error.**

 Brandon contends that the application of the amended 22 AAC 05.450(a) to his disciplinary hearing violated the *Cleary* FSA.

**24.** *Id.*

**25.** *Id.*

**26.** *Id.*

**27.** *Id.* (construing *Wolff v. McDonnell*, 418 U.S. 539, 571, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)).

**28.** Brandon was notified that he was charged with violation of 22 AAC 05.400(c)(7). 22 AAC 05.400(c) lists high-moderate infractions.

**29.** *Compare* former 22 AAC 04.450 (1991) *with* current 22 AAC 04.450 (Supp.2003) (effective Nov. 13, 1999).

**30.** *Stosh's I/M v. Fairbanks N. Star Borough*, 12 P.3d 1180, 1185 (Alaska 2000).

**31.** *Bd. of Curators, Univ. of Mo. v. Horowitz*, 435 U.S. 78, 92 n. 8, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978).

**32.** *McGinnis*, 543 P.2d at 1236–37.

However, at his disciplinary hearing Brandon presented no witnesses in his own behalf and admitted to his possession of the tobacco. At the time of the hearing, Brandon's sole argument was that he should have been charged with a different, lesser infraction, but Brandon does not raise this issue on appeal. Given the overwhelming and uncontroverted evidence at Brandon's hearing, and the fact that he alleges no actual bias on the part of the hearing officer in his case, we can see no reason why any violation of the *Cleary* FSA prejudiced his hearing. Although we are generally reluctant to find harmless error in agency proceedings,[33] we conclude that any violation of the *Cleary* FSA did not affect Brandon's substantive rights.[34]

## V. CONCLUSION

Because Brandon has not shown any violation of his constitutional rights or any substantive prejudice arising from the DOC's alleged failure to adhere to the *Cleary* FSA, we AFFIRM the decisions of the DOC.

---

**33.** In *Kalmakoff v. State, Commercial Fisheries Entry Comm'n,* 693 P.2d 844, 849–50 (Alaska 1985), we explained:

We have employed a "harmless error" standard in reviewing administrative determinations. *See North State Telephone Co. v. Alaska Public Utilities Commission,* 522 P.2d 711, 715 (Alaska 1974). The relevant federal cases suggest that a court reviewing an agency decision should be much more reluctant to find "harmless error" than it would be if reviewing a lower court decision.

**34.** *See* 22 AAC 05.610, which provides: "Failure of a staff member to follow the regulations set out in this chapter does not invalidate a decision absent a showing of prejudice by the prisoner."