NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

EDWARD PARKS,                           )
                                        )        Supreme Court No. S-16292
             Appellant,                 )
                                        )        Superior Court No. 3AN-15-08755 CI
      v.                                )
                                        )        MEMORANDUM OPINION
STATE OF ALASKA,                        )            AND JUDGMENT*
DEPARTMENT OF CORRECTIONS )
                                        )        No. 1662 – January 10, 2018
             Appellee.                  )
_____ )

Appeal from the Superior Court of the State of Alaska, Third
Judicial District, Anchorage, Mark Rindner, Judge.

Appearances: Jon Buchholdt, Buchholdt Law Offices,
Anchorage, for Appellant. John K. Bodick, Assistant
Attorney General, Anchorage, and Jahna Lindemuth,
Attorney General, Juneau, for Appellee.

Before: Stowers, Chief Justice, Maassen and Bolger,
Justices. [Winfree and Carney, Justices, not participating.]

# I.      INTRODUCTION

In a Department of Corrections (DOC) administrative proceeding a prisoner was charged with a high-moderate infraction but was instead found guilty of a low-moderate infraction. The decision was upheld by the superintendent, and the prisoner filed a pro se appeal to the superior court. Four months after filing his appeal, he obtained counsel, and nearly five months after that, DOC filed a motion to dismiss based

---

*        Entered under Alaska Appellate Rule 214.

on deficiencies in the statement of points on appeal. The prisoner failed to respond and the superior court dismissed the appeal. The prisoner appeals, arguing that the superior court abused its discretion in dismissing his appeal, that AS 33.30.295 is unconstitutional, and that DOC violated his due process rights. We affirm the dismissal.

## II.    FACTS & PROCEEDINGS

In February 2015 Edward Parks, a prisoner, was charged with violating 22 Alaska Administrative Code 05.400(c)(23).[1] At his disciplinary hearing he was found "[g]uilty of a lesser included infraction," 22 AAC 05.400(d)(9),[2] and given a penalty of 15 days' loss of commissary privileges. The superintendent denied his subsequent appeal.

In April, Parks, representing himself, filed an appeal to the superior court. His statement of points on appeal, in its entirety, reads as follows: "Appellee, State of Alaska, Department of Corrections, has knowingly violated the fundamental constitutional right(s) of Appellant Edward Parks at a disciplinary hearing. As a result, Appellant did not rec[ei]ve a fair adjudication." Parks thereafter became represented by counsel, Jon Buchholdt, in August.

In January 2016 DOC filed a motion to dismiss, alleging that the statement of points on appeal was deficient, and in March the court dismissed Parks's appeal "for the reasons stated in the motion." The court noted that it had "not received an opposition

---

[1]    A violation of 22 Alaska Administrative Code (AAC) 05.400(c)(23) is a "[h]igh-moderate infraction[]" consisting of "intentionally interfering with a prisoner count."

[2]    A violation of 22 AAC 05.400(d)(9) is a "[l]ow-moderate infraction[]" consisting of "missing a prisoner count, unexcused absence or tardiness from work or an assignment, failure to perform work as instructed by a staff member, or refusing to perform a work assignment for alleged medical reasons without being excused by medical staff."

to the motion" and that although Parks had filed "[a] request for an extension of time to file an opposition[,] . . . the time requested [ha[d] come and gone without a request for a further extension and without an opposition having been filed."

Parks filed a motion for reconsideration, which DOC opposed "on the ground that [Parks's attorney, Buchholdt,] provide[d] no justification for his gross failure to adhere to the filing deadlines." Specifically, DOC indicated that the motion for an extension to respond to the motion to dismiss "was filed almost three weeks after the response was due and no justification was provided for the failure to file a timely response," that no opposition to the motion to dismiss was filed by the extended deadline, and that the motion for reconsideration was filed "almost two weeks after the order issued." DOC also informed the court that although "[Buchholdt] certified that a copy of the motion for reconsideration had been served on [DOC], it was never received." In the reply to opposition to motion for reconsideration, Buchholdt admitted that the "failure to request a second extension of time to file the Opposition to the Motion to Dismiss . . . was wholly the fault of counsel," explaining that he "was overloaded with frivolous motion[s] to dismiss and arguments in briefing in other matters" and that "[t]he deadline . . . was inadvertently omitted from [his] calendar by [his] office staff."

The court denied Parks's motion for reconsideration, finding that Parks "continually . . . failed to adhere to filing deadlines in this case and [that] this ha[d] occurred even after Buchholdt entered an appearance." Additionally the court found that Parks "still ha[d] not dealt with the substance of the original motion to dismiss or the requirements of the case law cited therein."

Parks appeals.

## III. STANDARD OF REVIEW

Procedural dismissals are reviewed for abuse of discretion.[3] This case requires us to interpret AS 33.30.295. "The interpretation of a statute is a question of law to which we apply our independent judgment, interpreting the statute according to reason, practicality, and common sense, considering the meaning of the statute's language, its legislative history, and its purpose."[4]

We have jurisdiction to review administrative decisions by DOC implicating a prisoner's procedural due process rights.[5] "Whether an inmate has received procedural due process is an issue of constitutional law that we review de novo."[6]

## IV. DISCUSSION

### A. The Superior Court Did Not Abuse Its Discretion In Dismissing Parks's Appeal.

In support of his assertion that the superior court abused its discretion when dismissing his appeal, Parks argues that his statement of points on appeal was filed when he was acting pro se and "broadly construed . . . alleges facts that demonstrate a constitutional violation," that "[DOC] and [the] court were not prevented from identifying the basis for the appeal or from limiting the arguments on appeal," and that "[DOC] lacks the jurisdiction to unilaterally determine whether the matter should be [re]heard without briefing by the parties." Only the first of these arguments is identified

---

[3]     *Gilbert v. Nina Plaza Condo Ass'n*, 64 P.3d 126, 128 n.1 (Alaska 2003).

[4]     *Johnson v. State*, 380 P.3d 653, 655 (Alaska 2016) (quoting *Barber v. State, Dep't of Corr.*, 314 P.3d 58, 62 (Alaska 2013)).

[5]     *Brandon v. State, Dep't of Corr.*, 73 P.3d 1230, 1233 (Alaska 2003) (citing *Abruska v. Dep't of Corr., State*, 902 P.2d 319, 321 (Alaska 1995)).

[6]     *Id.* (citing *Abruska*, 902 P.2d at 321).

in Parks's statement of points on appeal to this court.[7]

Under AS 33.30.295(a), "[a] prisoner may obtain judicial review by the superior court of a final disciplinary decision by [DOC] *only if the prisoner alleges specific facts* establishing a violation of the prisoner's fundamental constitutional rights that prejudiced the prisoner's rights to a fair adjudication."[8]  In *Johnson v. State* we upheld the superior court's dismissal of the appeal of a prisoner who was likewise represented by Buchholdt and whose deficient statement of points on appeal read:  "The Department of Corrections violated appellant's fundamental constitutional rights to due process in the prison disciplinary process and the violation prejudiced appellant's right to a fair trial."[9]  Parks's statement of points on appeal to the superior court was just as

---

[7]      *See Wright v. Anding*, 390 P.3d 1162, 1169-70 (Alaska 2017) ("[W]e will not review new arguments or points of error that were neither raised before the trial court nor included in the points on appeal unless the issue presented is '(1) not dependent on any new or controverted facts; (2) [is] closely related to the appellant's trial court arguments; and (3) could have been gleaned from the pleadings, or [unless] failure to address the issue would propagate plain error.' " (second alteration in original) (quoting *O'Callaghan v. State*, 826 P.2d 1132, 1133 n.1 (Alaska 1992))); *Conkey v. State, Dep't of Admin., Div. of Motor Vehicles*, 113 P.3d 1235, 1237 n.6 (Alaska 2005) ("[W]e generally do not address arguments omitted from an appellant's statement of points on appeal." (citing *Gunderson v. Univ. of Alaska, Fairbanks*, 902 P.2d 323, 327 n.5 (Alaska 1995))).

[8]      Despite the plain language of this statute, Parks's attorney, Buchholdt, adamantly asserted to the superior court in the reply to opposition to motion for reconsideration that DOC "was simply mistaken when it argued that a factual basis must be argued in the notice of points on appeal."  In the motion for reconsideration of dismissal, Buchholdt similarly argued that "the Statement of Points on appeal is not a vehicle for stating legal argument or the factual basis for a litigant's appeal."

[9]      *Johnson*, 380 P.3d at 654, 657-58 (indicating that there was "[n]o mention of [the] grounds for review [that were explained in Johnson's brief on appeal] in his vaguely worded statement of points on appeal" and that there was no "earnest attempt to
(continued...)

devoid of specific facts as that in *Johnson*: "Appellee, State of Alaska, Department of Corrections, has knowingly violated the fundamental constitutional right(s) of Appellant Edward Parks at a disciplinary hearing. As a result, Appellant did not rec[ei]ve a fair adjudication." This is precisely the type of "bare-bones statement of points on appeal" that we in *Johnson* concluded AS 33.30.295(a) "was intended to prevent . . . from triggering a briefing schedule, the time and expense required of both parties to generate their appellate briefs, and the judicial investment of the time necessary for review and decision."[10] Parks failed to allege facts that establish a constitutional violation, and the superior court did not abuse its discretion in dismissing the appeal on that basis.

As in *Johnson*, "we are not concerned in this case with the superior court's obligations to pro se litigants, as [Parks] was represented by counsel."[11] Parks argues that because he was pro se when he filed his statement of points on appeal and did not become represented until four months later, "the court was obliged to advise [him] that it believed that his Points on Appeal were deficient." However, Parks obtained counsel nearly five months before DOC filed its motion to dismiss and nearly seven months before the superior court dismissed his appeal; this was plenty of time to cure any issues arising from his initially having represented himself. Therefore, obligations of the court to pro se litigants are inapplicable to this case.

Furthermore, as in *Johnson*, Parks "had procedural opportunities to correct

---

**9** (...continued)
comply with the 'specific facts' requirement of the statute").

**10** *Id.* at 657.

**11** *Id.* at 657 n.17 (citing *Collins v. Arctic Builders*, 957 P.2d 980, 982 (Alaska 1998)).

the deficiency but inexplicably failed to take them."[12] Parks argues that "[t]here was simply no reason for "counsel" to seek leave to amend the points on appeal prior to "counsel" being given the opportunity to review the administrative record . . . , especially [since] the appeal was previously accepted by the court." But he fails to show that Buchholdt ever requested the record. And even if Buchholdt was initially ignorant of the need to amend the statement of points on appeal, after the motion to dismiss — based on the deficiency of the statement of points on appeal — was filed, he had notice of possible deficiencies, giving him reason to seek leave to amend.

Because the dismissal may be upheld based on the inadequacy of the statement of points on appeal, we need not address Parks's claim that the dismissal was an abuse of discretion based on the arguments that "[DOC] and [the] court were not prevented from identifying the basis for the appeal or from limiting the arguments on appeal"[13] and that "[DOC] lacks the jurisdiction to unilaterally determine whether the matter should be [re]heard without briefing by the parties."

**B.      Alaska Statute 33.30.295 Is Not Unconstitutional.**

As in *Johnson*, Parks argues that AS 33.30.295(a) is unconstitutional because it has been "interpreted and applied . . . in a manner that augments the requirements of [Alaska Appellate Rule] 602(c)(1)(A)" and because the legislature allegedly "did not follow the proper procedure when enacting AS 33.30.295, if the legislature intended the statute to augment a court rule." We rejected this exact argument in *Johnson*, where we concluded that the legislature did comply with the requirements

---

[12]      *Id.* at 657.

[13]      In *Johnson* we held that such an argument would "shift[] to the judge the initial burden of identifying appealable issues in the decisions and the record below," which is "a result the legislature sought to avoid when it enacted AS 33.30.295(a)." *Id.*

set out in *Leege v. Martin* by stating its purpose to amend Appellate Rule 602.[14]

Parks also argues that complying with AS 33.30.295(a) was impossible because he was allegedly denied access to the administrative record until ten months after filing his statement of points on appeal. However, he has made no showing that he ever requested the record, and none of his court filings mentioned any lack of access to the record until his motion for reconsideration of dismissal.

### C. Parks Has Shown No Violation Of His Due Process Rights.

Parks argues that in the administrative proceedings he was not given prior written notice of the violation he was found guilty of and that his adjudication of guilt was not based on a preponderance of evidence, thus violating his due process rights. The issue regarding lack of prior written notice is waived because it was raised for the first time in the motion for reconsideration of dismissal.[15] As to the second issue, Parks claims that he "has consistently argued that [DOC] did not demonstrate that he committed the offense alleged, by a preponderance of the evidence," but the administrative record does not show that such an argument was made, and the argument was never made to the superior court, not even in Parks's post-dismissal motions. And neither of these two issues was included in the statement of points on appeal to this

---

[14]    *Id.* at 655 n.7 (quoting the holding in *Leege v. Martin*, 379 P.2d 447, 451 (Alaska 1963), that "a legislative enactment will not be effective to change court rules of practice and procedure unless the bill specifically states that its purpose is to effect such a change" and recognizing that "the legislation at issue, H.B. 201, did state such a purpose").

[15]    *See Stephanie W. v. Maxwell V.*, 319 P.3d 219, 227 (Alaska 2014) (" 'An issue raised for the first time in a motion for reconsideration is not timely' and is therefore not preserved for appeal." (quoting *Stadnicky v. Southpark Terrace Homeowner's Ass'n*, 939 P.2d 403, 405 (Alaska 1997))).

court.[16]  Even if they were not waived, these arguments are unsuccessful.

Parks argues that his due process right to notice was violated because he received notice only of the charge of violating 22 AAC 05.400(c)(23), and not of the charge of violating 22 AAC 05.400(d)(9).  He correctly argues that "when major prison disciplinary proceedings are instituted against a state inmate, the Due Process Clause requires written notice of the alleged violation at least twenty-four hours before a hearing."[17]  However, he fails to address the question whether his disciplinary proceedings were "major."  "[W]hether a disciplinary determination is major or minor will ordinarily revolve around two factors:  the relative gravity of the offense and the nature of the consequences that may result."[18]  " '[M]ajor disciplinary proceedings' include disciplinary proceedings regarding 'low-moderate' offenses that subject inmates to serious punishment such as solitary confinement and loss of good time credit."[19]  A violation of 22 AAC 05.400(d)(9) is a low-moderate infraction, so the violation would have to subject him to serious punishment for the disciplinary proceedings to be considered major.  Parks does not argue that it made him subject to serious punishment, and his actual punishment of 15 days' loss of commissary privileges is not of comparable severity to solitary confinement or loss of good time credit.  Thus, as far as 22 AAC 05.400(d)(9) is concerned, Parks's disciplinary proceedings were not major, and due

---

[16]  *See Conkey v. State, Dep't of Admin., Div. of Motor Vehicles*, 113 P.3d 1235, 1237 n.6 (Alaska 2005).

[17]  *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974); *McGinnis v. Stevens*, 543 P.2d 1221, 1225 (Alaska 1975).

[18]  *James v. State, Dep't of Corr.*, 260 P.3d 1046, 1051 (Alaska 2011) (quoting *McGinnis*, 543 P.2d at 1226 n.6).

[19]  *Id.* at 1052.

process did not require advance written notice of that charge.[20]

As to the argument that the conviction was not based on a preponderance of the evidence, Parks claims that "the disciplinary tribunal's findings of fact prohibit a finding of guilt for missing a prisoner count" because the tribunal found that the report did not "mention . . . count not clearing, having to re-count the mod or any disruption to the counting process." However, in the disciplinary report the officer reported that after the lockdown count was announced she began "secur[ing] the cell doors in numerical order, [and] when [she] reached cell #11" Parks was missing from his cell and she saw him "still sitting at the computers"; she reported securing the cell door and proceeding to secure the rest of the doors in the module and that Parks was then waiting for her at his cell door once she finished. This report supports the finding by a preponderance of the evidence that Parks missed the prisoner count, even if his absence did not result in "count not clearing, having to re-count the mod or any disruption to the counting process." Thus, Parks's argument that the disciplinary adjudication was not based on a preponderance of the evidence fails, and no constitutional violation has been shown.

## V.    CONCLUSION

We AFFIRM the superior court's dismissal of Parks's appeal.

---

[20]    In the portion of his brief addressing the lack of notice Parks cites to *Hansen v. State*, 845 P.2d 449, 453 (Alaska App. 1993), and recognizes that "[n]otice of a charge is adequate if the inmate receives notice of another charge and the former is a lesser-included offense of the latter." His arguments regarding lack of notice focus on whether 22 AAC 05.400(d)(9) is a lesser included offense of 22 AAC 05.400(c)(23). Because his disciplinary proceedings were not major and written notice of the charge under 22 AAC 05.400(d)(9) therefore was not required by due process, the question whether it is a lesser included offense is irrelevant.