NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ROBERT HERNANDEZ, | ) | |
| | ) | Supreme Court No. S-16291 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-15-07244 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, | ) | AND JUDGMENT* |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | No. 1677 – May 9, 2018 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Jack Smith, Judge.

Appearances: Jon Buchholdt, Anchorage, for Appellant. John K. Bodick, Assistant Attorney General, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for Appellee.

Before: Stowers, Chief Justice, Maassen, Bolger, and Carney, Justices. [Winfree, Justice, not participating.]

## I.    INTRODUCTION

An inmate was found guilty in a prison disciplinary hearing before a hearing officer of intentionally interfering with a prisoner count. Both the superintendent of the correctional center and the superior court affirmed the hearing officer's disciplinary decision. The inmate appeals, arguing that the hearing officer's written decision was insufficient, that the hearing officer failed to make the necessary finding

---

\*    Entered under Alaska Appellate Rule 214.

regarding intent, that the superior court improperly imputed facts from outside the record, and that the superior court mischaracterized his arguments on appeal. We affirm the superior court's order upholding the disciplinary decision.

## II.     FACTS AND PROCEEDINGS

In December 2014 a correctional officer at the Wildwood Correctional Center submitted an incident report citing inmate Robert Hernandez for a violation of 22 Alaska Administrative Code (AAC) 05.400(c)(23), which the correctional center calls a C-23 violation. This is a "[h]igh-moderate infraction[]" for "intentionally interfering with a prisoner count."[1] The incident report stated in pertinent part:

> On December 18th at approximately 0955 hours, I was standing next to the 202 slider waiting for count on the second floor of Building 10. During this time I witnessed inmate Hernandez, Robert assigned to room 222 talking on the phone. When 1000 hours count was called, I secured the 202 slider and began my count with room 208. Inmate Hernandez continued to talk on the phone even after everyone else had cleared the floor in anticipation for count; at one point he even looked at me. It should be noted that this count is the standard and does not change times. The inmate finally decided to hang up the phone when I was a short distance away from him and approximately a third done with counting the floor.

In January 2015 a correctional center hearing officer conducted a disciplinary hearing, which was audio recorded. The hearing officer began by reading the incident report and asking Hernandez whether he admitted or denied the charges. Hernandez responded that he was pleading not guilty. He explained that he "wasn't paying attention" and "the bottom line [was] [he] did miss count" but "didn't intentionally do it." According to Hernandez, the yellow light that signaled count was

---

[1]     22 AAC 05.400(c)(23)(2018).

behind him, and he only noticed it when he saw its reflection on the phone out of the corner of his eye. At that point he immediately hung up and went to his room. Hernandez also testified that this was only his second write-up in six years in prison.

The hearing officer asked Hernandez if the incident report was correct that he looked at the writer of the report while on the phone but kept talking. Hernandez reiterated that he had his back to the yellow light and said that it may have appeared like he was looking at the writer of the report but he "wasn't paying attention to [the correctional officer]" because he "was really deep in conversation."

The hearing officer found Hernandez guilty of a C-23 violation "for the reasons stated . . . in the [incident] report." The hearing officer explained:

> It says that you were on the phone when count started. This is not — this is a different event as if you were in the bathroom and you came out and you didn't recognize that count was on. But in this event you were on the phone, and in my opinion based on what the officer — what the officer is observing and describing in the report I feel that you had enough information to know that you were in count or that this was very close to being in the count procedure and you failed to recognize it early enough to get off the phone. Especially, like you've said, you've been in for six years, you should have this down pretty well, okay?

He sentenced Hernandez to 14 days of punitive segregation.

On the same day as the disciplinary proceeding the hearing officer issued a written disciplinary decision using a standard form. In the written disciplinary decision the hearing officer summarized Hernandez's statements as follows: "Not guilty of a C23. I wasn't paying attention and didn't do it on purpose. I didn't realize the light was on until I saw the reflection. I wasn't looking at the officer. I was looking that direction, but not at him." The hearing officer further summarized Hernandez's adjudication,

including the facts and evidence considered and relied on, as follows: "Guilty based on the [incident] report which stated you were on the phone when the count began."

Hernandez appealed the disciplinary decision to the superintendent. He argued, among other things, that he "did not intentionally [interfere with a prisoner count]," that he "was on the phone and simply not paying attention," and that "[i]t was a mistake." Hernandez also argued that the written disciplinary decision did not support his conviction for a C-23 violation because "no where d[id] it say anything about 'intentionally interfering w/ count.' " The superintendent affirmed the hearing officer's disciplinary decision.

Hernandez appealed to the superior court arguing that the written disciplinary decision was inadequate and that the hearing officer did not make a finding that he acted with the requisite intent. The superior court affirmed the disciplinary decision. Hernandez appeals.

## III.   STANDARD OF REVIEW

Hernandez argues that he did not receive due process in his prison disciplinary proceedings. " 'Whether an inmate has received procedural due process is an issue of constitutional law that we review de novo.' [When] the superior court 'act[s] as an intermediate appellate court in an administrative matter,' we 'independently review the merits of the administrative decision.' "[2]

## IV.   DISCUSSION

Hernandez argues that the written disciplinary decision fails to satisfy due process because it did not outline the evidence relied on and reasons for the decisions reached. He cites the U.S. Supreme Court decision *Wolff v. McDonnell*, which holds that

---

[2]     *James v. State, Dep't of Corr.*, 260 P.3d 1046, 1050 (Alaska 2011) (first quoting *Brandon v. State, Dep't of Corr.*, 73 P.3d 1230, 1233 (Alaska 2003); then quoting *Button v. Haines Borough*, 208 P.3d 194, 200 (Alaska 2009)).

the due process clause of the U.S. Constitution requires "a 'written statement by the factfinders as to the evidence relied on and reasons' for [a prison] disciplinary action."**[3]** The Department of Corrections argues that the audio recording of the disciplinary hearing satisfied due process.**[4]**

We recently held that a verbatim audio recording of a prison disciplinary hearing satisfies the due process standards outlined in *Wolff*.**[5]** The audio recording of the hearing satisfies due process in this case.

Hernandez next argues that the hearing officer failed to find that he acted intentionally, which is a necessary element of the infraction.**[6]** But the recording of the hearing reveals that the hearing officer made oral findings about Hernandez's mental state. The hearing officer explicitly found that Hernandez "had enough information to know that [he] [was] in count or that this was very close to being in the count procedure." The officer explained that being on the phone was different from being in the bathroom, where an inmate might not realize that count was happening; the officer also found that Hernandez had been in prison for six years and "should have this down

---

**[3]**     418 U.S. 539, 564 (1974) (quoting *Morrissey v. Brewer,* 408 U.S. 471, 489 (1972)).

**[4]**     The Department argues that Hernandez failed to preserve this issue on appeal. Given that the question is easily resolved we reach the issue without deciding whether it was properly preserved.

**[5]**     *See Pease-Madore v. State, Dep't of Corr.*, 414 P.3d 671, 675-77 (Alaska 2018). The due process clause of the Alaska Constitution requires audio recording of major prison disciplinary hearings. *See James*, 260 P.3d at 1056; *McGinnis v. Stevens*, 543 P.2d 1221, 1236 (Alaska 1975).

**[6]**     *See* 22 AAC 05.400(c)(23). Hernandez does not argue that there was insufficient evidence to support a finding that he acted intentionally; rather, he argues that the hearing officer did not make this finding.

pretty well." The written disciplinary decision also accurately summarized Hernandez's arguments at the hearing that he "wasn't paying attention and didn't do it on purpose," "didn't realize the light was on until [he] saw the reflection," and was looking only in the general direction of the correctional officer. It is clear that the hearing officer was presented with evidence of Hernandez's mental state: Hernandez asserted he was negligent in not being aware of the count; the correctional officer asserted Hernandez was aware and knew the count was being conducted yet nevertheless did not return to his cell. The hearing officer credited the correctional officer's version and did not credit Hernandez's. The hearing officer made the finding that Hernandez acted intentionally.

Hernandez finally complains about specific aspects of the superior court's decision. We have independently reviewed the agency decision and uphold it, finding no error by the superior court.

## V.    CONCLUSION

We AFFIRM the superior court's order upholding the hearing officer's disciplinary decision.