Lois GILBERT, Appellant,

v.

NINA PLAZA CONDO ASSOCIATION, its officers past and present, Steven Simonka and his tenants Frances Lundy and John and Jane Does, Appellees.

Lois Gilbert, Petitioner,

v.

Nina Plaza Condo Association, its officers past and present, Steven Simonka and his tenants Frances Lundy and John and Jane Does, Respondents.

Nos. S–10000, S–10237.

Supreme Court of Alaska.

Feb. 14, 2003.

Lois Gilbert, pro se, Anchorage.

James J. Hanlon, Law Office of James J. Hanlon, Anchorage, for Appellees/Respondents (no brief filed).

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

## OPINION

BRYNER, Justice.

### I. INTRODUCTION

Lois Gilbert appeals the dismissal of two cases that she filed against the Nina Plaza Condominium Association and condominium owner Steven Simonka. The superior court dismissed Gilbert's first case for failing to comply with the pretrial scheduling order. The court dismissed her second case, and subsequently refused to reopen it, for failing to properly serve the defendants. Because the superior court made insufficient allow-ances for Gilbert's pro se status in the first case and because Gilbert successfully served process on the defendants in the second case, we reverse.

### II. FACTS AND PROCEEDINGS

Lois Gilbert lives in a condominium unit owned by her mother at the Nina Plaza Condominiums in Anchorage. Gilbert has been involved in an ongoing dispute with the Nina Plaza Condominium Association as well as various condominium owners and tenants, including Steven Simonka.

In July 1998 Gilbert filed a complaint against Nina Plaza, Simonka, and other Nina Plaza tenants. The complaint alleged many ongoing grievances against the defendants, including wrongful exclusion "from ownership privileges and decision making," discrimination "on the grounds of sex and disability," violation of the condominium's bylaws, assault, and vandalism. Gilbert sought to recover compensatory damages for "all injuries and vandalism sustained from harassment" as well as punitive damages. About seventeen months after Gilbert filed this complaint, Nina Plaza and Simonka filed a complaint against Gilbert and her mother, seeking a permanent injunction to prevent Gilbert from residing at Nina Plaza.

Superior Court Judge Eric T. Sanders consolidated Gilbert's and Nina Plaza's cases and scheduled trial for June 26, 2000. On the date set for trial, the judge dismissed the cases after learning that both parties had failed to comply with the pretrial scheduling order and were unprepared to proceed.

On June 9, 2000—two years after she filed her first complaint and two weeks before the superior court dismissed it—Gilbert filed a second complaint against the same defendants. She intended the second complaint to cover incidents that occurred after the filing of her first complaint. Her complaint described and updated the same general acts of ongoing misconduct alleged in her first complaint but added a new claim for intentional infliction of emotional distress.

More than six months after filing the second complaint, Gilbert still had not served it on the defendants. On January 3, 2001, the

superior court dismissed the second complaint, specifying that the dismissal was without prejudice and was "due to [Gilbert's] failure to serve the defendant(s) with the summons and complaint or show good cause why service was not completed."

On January 30 Gilbert moved to reopen the case, stating that she had "re-mailed the lawsuit and ha[d] attached proof of service." Along with this motion, Gilbert filed proof of service by certified mail on James Hanlon, Nina Plaza's attorney in her first case. Hanlon responded by filing a "conditional entry of appearance," ostensibly for the "sole purpose" of arguing that Gilbert had failed to properly serve his clients with process. Hanlon contended that serving the new complaint on him was improper because on that date of service he had not yet been retained as counsel by the defendants and therefore lacked authority to accept service on their behalf. Apparently agreeing with Hanlon, the superior court denied Gilbert's motion to reopen on March 6, 2001, finding "[n]o proof of service on the defendants."

On April 23 Gilbert filed a second motion to reopen the case, claiming to have personally served the defendants. Along with this motion, Gilbert filed an audiotape recording of her personally serving process on Simonka and officers of Nina Plaza at a March 27 condominium association meeting. In opposition to Gilbert's motion, Hanlon, again purporting to make only a "conditional entry of appearance," argued that Gilbert had violated Alaska Civil Rule 4(c)(1) by serving the complaint herself, rather than through an authorized process server, and had violated Civil Rule 4(d) by failing to specify on her return of service that she had served the defendants with a summons as well as a complaint. Again accepting Hanlon's argument, the superior court denied Gilbert's second motion to reopen, ruling that Gilbert had failed to comply with Civil Rules 4(c) and (d). Hanlon then moved for an award of full

attorney's fees for expenses attributable to Gilbert's attempts to reopen the case.

On June 1, two weeks after the court denied the second motion to reopen, Gilbert filed a third motion to reopen, this time specifying that she had "rectified any deficiencies in service, mailing by certified mail copies of the lawsuit, summons, certificate of service, motion to reopen and opposition to fee request to Defendants and James Hanlon." A week later, the superior court issued a sua sponte order, summarily denying Gilbert's third motion to reopen. The court also issued an order finding that Gilbert's repeated attempts to reopen her cases "constituted bad faith conduct." On this basis, the order awarded Nina Plaza and Simonka nearly half their claimed attorney's fees, warning that it would award the rest of the fees if Gilbert persisted in her attempts to reopen the case.

Gilbert appealed the dismissal of her first case. She petitioned for review in the second case; we granted the petition for review and consolidated the second case with her appeal for purposes of this decision.

## III. DISCUSSION

### A. Dismissal of Gilbert's First Case

■ The superior court dismissed Gilbert's first case because it found that both parties had "failed to comply with any part of the pretrial scheduling order." On appeal Gilbert challenges this ruling, claiming that the superior court failed to take proper account of her pro se status.[1] Gilbert contends that "[she] followed the rules to the best of her understanding and as far as she was physically able" and that her failure to fully comply with the scheduling order resulted in large part from her inability to receive the discovery she had requested from Nina Plaza. Gilbert claims that she informed the superior court on several occasions that the defendants were withholding discovery and that, until the court informed her at trial that

1. We review procedural dismissals for abuse of discretion. *See, e.g., Balough v. Fairbanks North Star Borough,* 995 P.2d 245, 254 (Alaska 2000); *Arbelovsky v. Ebasco Servs., Inc.,* 922 P.2d 225, 227 (Alaska 1996); *Johnson v. Siegfried,* 838 P.2d 1252, 1254 (Alaska 1992). "Under the abuse of discretion standard, the trial court's decision will only be overturned if this court has 'a definite and firm conviction that the judge made a mistake.' " *Arbelovsky,* 922 P.2d at 227 (quoting *City of Kenai v. Ferguson,* 732 P.2d 184, 190 (Alaska 1987)).

she should have filed a motion to compel, she was "unaware of this legal procedure." The record supports Gilbert's assertions, revealing that the superior court failed to provide appropriate guidance to Gilbert in consideration of her pro se status.

 It is well settled that in cases involving a pro se litigant the superior court must relax procedural requirements to a reasonable extent.[2] We have indicated, for example, that courts should generally hold the pleadings of pro se litigants to less stringent standards than those of lawyers.[3] This is particularly true when "lack of familiarity with the rules rather than gross neglect or lack of good faith underlies litigants' errors."[4] We have further indicated that a court "should inform a pro se litigant of the proper procedure for the action he or she is obviously attempting to accomplish"[5] and should also "inform pro se litigants of defects in their pleadings."[6] In return, we have stressed, the pro se litigant "is expected to make a good faith attempt to comply with judicial procedures and to acquire general familiarity with and attempt to comply with the rules of procedure—absent this effort, [the litigant] may be denied the leniency otherwise afforded pro se litigants."[7]

Here, Gilbert made several efforts to notify the court that she was having discovery problems and needed help. At the trial setting conference on January 6, 2000, Gilbert alerted the trial court that she needed additional time to prepare her case, in part because she had not yet received any of her requested discovery from Nina Plaza. The trial court set the case for trial on June 26,

2000, but, despite Gilbert's expressed concern, it did not attempt to explain the available procedures for compelling discovery. On June 23, three days before trial, Gilbert sought to postpone the trial, filing a motion to reschedule in which she stated that she needed extra time to prepare her case because Nina Plaza continued to deny her access to the condominium records and because her disabilities had made it difficult to prepare. On the day of trial, Gilbert again indicated that she had not received discovery. Although Gilbert said that she would be able to proceed with what she had, she emphasized that she would prefer a continuance.

The record confirms Gilbert's claims that Nina Plaza failed to comply with discovery requirements, in spite of being represented by counsel. Yet the superior court found *both* parties equally blameworthy and dismissed both their cases. The only time the court explained Gilbert's procedural options was when it dismissed the case, stating "if you didn't get discovery on a certain date, you should have filed a motion to compel. So there's nothing the court can do about that."

Because Gilbert was a pro se litigant and made it clear early on that she was having trouble with discovery, we hold that it was an abuse of discretion to dismiss her case without explaining the basic steps she could take to comply with the pretrial order—including the option of filing a motion to compel discovery—and without then allowing her a reasonable opportunity to take those steps. We therefore reverse the order dismissing Gil-

2. *See, e.g., Kaiser v. Sakata,* 40 P.3d 800, 803 (Alaska 2002).

3. *See, e.g., Wilkerson v. State,* 993 P.2d 1018, 1022 (Alaska 1999); *Breck v. Ulmer,* 745 P.2d 66, 75 (Alaska 1987).

4. *Kaiser,* 40 P.3d at 803 (internal quotations and citations omitted); *see also Noey v. Bledsoe,* 978 P.2d 1264, 1270 (Alaska 1999) ("We have frequently recognized that pro se litigants who make good faith efforts to comply with court rules should not be held to strict procedural requirements."); *Wright v. Shorten,* 964 P.2d 441, 444 (Alaska 1998) ("Where a pro se litigant's default results from lack of familiarity with the rules, ... and where the litigant is

unversed in the rules of civil procedure, setting aside a default judgment may be warranted.") (internal citations and quotations omitted).

5. *Breck,* 745 P.2d at 75.

6. *Wright,* 964 P.2d at 444; *see also Collins v. Arctic Builders,* 957 P.2d 980, 982 (Alaska 1998) (holding that a superior court's failure to inform a pro se litigant of the specific defects in his notice of appeal and to give him an opportunity to remedy those defects is "manifestly unreasonable and thus constitutes an abuse of discretion").

7. *Kaiser,* 40 P.3d at 803 (internal citations omitted).

bert's first complaint.[8]

## B. Refusal To Reopen Gilbert's Second Case

 The superior court dismissed Gilbert's second case seven months after it was filed, specifying that the dismissal was for failure to serve process and was without prejudice. But the court later denied Gilbert's repeated efforts to reopen the case after she made further attempts to serve process. Gilbert challenges these rulings, arguing that she eventually rectified any errors in her original service. Gilbert further asserts that Nina Plaza's attorney, James Hanlon, manipulated the rules of procedure to avoid service of process: "Hanlon claimed service to him was improper even though he filed an entry of appearance to represent [the defendants] and was representing them in [the earlier filed case] at the time he was served with [the second complaint]."

In response to these arguments, Nina Plaza does not deny that Gilbert eventually managed to make proper service. Instead, it argues that Gilbert's second complaint was properly dismissed as an impermissible attempt to circumvent the superior court's earlier dismissal of her first suit. Since Gilbert "refiled the same case," Nina Plaza contends, "[d]enial of [her] motion to reopen was proper given the fact that [she] had already appealed Judge Sanders' dismissal of her original case."

However, despite Nina Plaza's suggestion to the contrary, the superior court did not view Gilbert's second complaint as an impermissible reiteration of her first complaint. Instead, the court specified that it dismissed the second case on the ground of lack of service and that the dismissal was without prejudice. The superior court rebuffed Gilbert's later efforts to reopen for the same reason solely because the court believed that Gilbert had still failed to make proper service.

Furthermore, the record refutes Nina Plaza's portrayal of Gilbert's second complaint as an effort to circumvent the superior court's dismissal of her first complaint. Gil-

bert filed her second complaint on June 9, 2000, over two weeks *before* the superior court dismissed her first case on June 26. And although the basic claims in both cases were nearly identical, Gilbert apparently intended the second complaint to address conduct that allegedly continued to occur after she had filed the first complaint. At a pretrial conference in the first case, for example, Gilbert alerted the court that, to preserve her civil rights claims, she would be filing a second complaint to cover developments occurring since her first complaint was filed. Accordingly, Nina Plaza's characterization of the second complaint finds no support in the record.

We thus turn to the merits of Gilbert's contention that she cured her original failure to serve process and therefore should have been allowed to reopen her second case. The record indicates that by the time Gilbert filed her first motion to reopen the case, Nina Plaza and Steven Simonka had received actual notice of Gilbert's complaint. Attached to Gilbert's first motion to reopen was a certificate of service stating that Gilbert had delivered the complaint by certified mail to James Hanlon, the attorney for both Nina Plaza and Simonka. After receiving the complaint, Hanlon entered a "conditional appearance" on behalf of the defendants to contest Gilbert's attempt to serve process. He claimed that serving the complaint on him had been improper because Nina Plaza and Simonka had not yet retained him as counsel in the second case. Although challenging Gilbert's earlier service on him as premature, Hanlon undertook future representation of the defendants in the second case, asking that all subsequent pleadings concerning the case be mailed to him.

 Thus, assuming that Gilbert's initial service on Hanlon was improper, by the time Gilbert filed her third motion to reopen the case she had undisputedly succeeded in making proper service: by then she had sent by certified mail "copies of the lawsuit, summons, certificate of service, [and] motion to reopen" to both the defendants *and* James Hanlon. Hanlon acknowledged receiving these documents and represented Nina Plaza

---

8. Our decision makes it unnecessary to consider Gilbert's remaining arguments in her first case.

and Simonka in the second case when he received them.[9]

Accordingly, the record establishes beyond doubt that Gilbert ultimately cured any defects in service of process. Because Gilbert's motions to reopen the case were denied only because the court believed that service had not been properly made, we hold that it was error to deny reopening. And because of this error, we further hold that the superior court's award of prevailing-party attorney's fees to Nina Plaza and Simonka must be vacated.

## IV. CONCLUSION

We REVERSE the dismissal of Gilbert's first case (3AN-98-7578 CI), and we REMAND the second case (3AN-00-7808 CI) with directions to reopen it; we also VACATE the award of attorney's fees in that case.

---

**9.** We reject Hanlon's implicit assertion that Gilbert's mailing was defective because it included pleadings other than the summons and complaint. Alaska Civil Rule 4 does not prohibit serving a summons and complaint by mail along with other pleadings. *See Anderson v. State,* 584

P.2d 537, 541 (Alaska 1978) (reasoning that because the purpose of service of process is to provide "the defendant with notice of the proceeding against him," the inclusion of unnecessary information in the process should not render service defective).