NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| ANNE P. MULLIGAN, ) | |
| ) | Supreme Court No. S-17601 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-17-08944 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| HMS HOST INTERNATIONAL, ) | AND JUDGMENT* |
| ) | |
| Appellee. ) | No. 1821 – March 17, 2021 |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Una S. Gandbhir, Judge.

Appearances: Anne P. Mulligan, pro se, Anchorage, Appellant. Kevin M. Cuddy, Stoel Rives LLP, Anchorage, for Appellee.

Before: Bolger, Chief Justice, Winfree, Maassen, and Carney, Justices. [Stowers, Justice, not participating.]

I.    INTRODUCTION

        A woman brought a sexual harassment suit against her employer. The superior court dismissed the suit based on insufficiency of service of process. The woman appeals the dismissal and the court's denial of her petition to reopen the case. The employer asks us to dismiss the appeal as untimely. We allow the late-filed appeal because of the woman's self-represented status and other circumstances. We further conclude that it was an abuse of discretion to deny the woman's third petition to reopen

---

        *        Entered under Alaska Appellate Rule 214.

the case after she had successfully served the employer, and we therefore reverse the superior court's denial of that third petition and remand for further proceedings.

## II.    FACTS AND PROCEEDINGS

Anne Mulligan filed a complaint in September 2017 against HMS Host International, alleging that she had been sexually harassed by a co-worker in the defendant's restaurant.[1]  The superior court issued a summons shortly thereafter.

In October Mulligan sought to consolidate her sexual harassment lawsuit with five other cases she had brought against other parties.  The superior court denied her request, explaining that "[t]he cases are not appropriate for consolidation.  Besides, [Mulligan] must serve the summons and complaint on [HMS]."

In January 2018 the superior court reminded Mulligan that she had not filed the required affidavit indicating the status of service;[2] pursuant to Alaska Civil Rule 4(j), the court ordered Mulligan to show good cause why service had not been completed within the 120 days allowed by the rule.[3]  The court warned that failure to show good

---

[1]    HMS informed the superior court in various filings that HMS Host International did not do business in Alaska and that Mulligan did not work for that corporation.  HMS asserts that Mulligan worked instead for HMSHost Corporation, doing business as Host International, Inc.  HMSHost Corporation, not HMS Host International, participated in the motion practice before the superior court.

[2]    Alaska Civil Rule 4(f) states:  "Within 120 days after filing of the complaint, the party shall file and serve an affidavit identifying the parties who have been served, the date service was made and the parties who remain unserved."

[3]    Civil Rule 4(j) states:

The clerk shall review each pending case 120 days after filing
of the complaint to determine whether all defendants have
been served.  If any defendant has not been served, the clerk
shall send notice . . . to show good cause in writing why

(continued...)

cause within 30 days would result in dismissal. In February, having received no response from Mulligan, the court dismissed the case without prejudice.

Eight months later Mulligan asked to reopen the case. The court granted her request on October 25, advising Mulligan that she had 30 days to "address service and other deficiencies."

In December the court issued an order again reminding Mulligan of her service responsibilities and giving her until early January 2019 to provide proof of her compliance. Mulligan filed proof of service on December 21, along with a United States Postal Service return receipt with boxes checked for "Certified Mail," "Certified Mail Restricted Delivery," and "Return Receipt for Merchandise."[4] The return receipt identifies the addressee as "HMS Host International" at an address in Bethesda, Maryland, and it bears a signature that appears to be "W. Gregory," accepting delivery on December 11.

In January 2019 HMS entered an appearance for the limited purpose of contesting service of process and moved to dismiss the case under Alaska Civil Rule 12(b)(5) for insufficiency of service. HMS acknowledged that it had received a packet of materials from Mulligan in December that included the complaint and the court-issued summons. But it contended that the materials had not been sent restricted

---

[3]  (...continued)
service on that defendant is not complete. If good cause is not shown within 30 days after distribution of the notice, the court shall dismiss without prejudice the action as to that defendant.

[4]  The return receipt, PS Form 3811, is often referred to as the "green card." *Return Receipt - The Basics*, USPS, (Dec. 2, 2020), https://faq.usps.com/s/article/Return-Receipt-The-Basics; *see, e.g., Robinson v. Capital Staffing*, 230 So. 3d 643, 650 (La. App. 2017); *Kaldis v. Aurora Loan Servs.*, 424 S.W.3d 729, 733 (Tex. App. 2014).

delivery as required by Civil Rule 4(h).[5] HMS asserted that the materials went to HMS's mail room, from which they found their way nearly a month later to the office of HMS's in-house counsel. HMS also argued that Mulligan failed to properly serve HMS's registered agent in Juneau as detailed in Civil Rule 4(d)(4).[6]

The court granted HMS's motion to dismiss. Mulligan asked to reopen the case again so she could serve HMS's attorney. The court granted Mulligan's request and reopened the case but pointed out that HMS's attorney had "entered a limited appearance which may affect service."

HMS filed a renewed motion to dismiss for lack of service in May 2019, asserting that HMS had still not been properly served. The superior court again dismissed the case without prejudice. HMS moved for entry of final judgment, and the court issued a final judgment in HMS's favor on July 8.

Mulligan petitioned the court to reopen the case for a third time later that month. She also filed with the court proof that she had served the summons and complaint on HMS's registered agent in Juneau. In September the court denied Mulligan's request to again reopen the case; Mulligan filed this appeal a month later.

## III. STANDARDS OF REVIEW

"Whether an appeal is timely is a question of law" to which we apply our

---

[5]     Civil Rule 4(h) states: "[P]rocess may . . . be served within . . . the United States . . . by registered or certified mail . . . upon a corporation. In such case, copies of the summons and complaint . . . shall be mailed for restricted delivery only to the party to whom the summons . . . is directed or to the person authorized under federal regulation to receive the party's restricted delivery mail."

[6]     Civil Rule 4(d)(4) allows for personal service on a corporation "by delivering a copy of the summons and . . . complaint to a managing member, an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."

independent judgment.[7]  Rulings on whether to reopen a case are generally reviewed for an abuse of discretion.[8]

## IV.   DISCUSSION

### A.   We Relax The Rules To Consider Mulligan's Untimely Appeal.

HMS asks us to deny Mulligan's appeal as untimely.  Although Mulligan's appeal was late, we nevertheless entertain it.

Alaska Appellate Rule 204(a)(1) requires that the notice of appeal "be filed within 30 days from the date shown in the clerk's certificate of distribution on the judgment appealed from."  The court in this case signed the final judgment on July 8, 2019, and the clerk distributed it to the parties the same day.  The judgment started the clock on Mulligan's time to appeal;[9] she had until August 7 to do so.  Instead of appealing, however, she filed a third petition to reopen the case, having in the meantime effected service on HMS's registered agent in Juneau.  She filed this appeal on the 30th day following the court's denial of the petition.

---

[7]  *Griswold v. City of Homer*, 252 P.3d 1020, 1025 (Alaska 2011).

[8]  *See Dickerson v. Goodman*, 161 P.3d 1205, 1208 (Alaska 2007) (reviewing for abuse of discretion superior court's refusal to reopen case when defendant attempted to assert counterclaim following dismissal); *Sanguinetti v. Sanguinetti*, 628 P.2d 913, 916 n.3 (Alaska 1981) (noting that "rulings of the trial court on . . . re-opening of a case will be disturbed on appeal only where there has been an abuse of discretion").

[9]  *See* Alaska R. Civ. P. 58 (providing that "upon a decision by the court . . . that all relief shall be denied, the court . . . shall forthwith enter the judgment" and that "[e]very judgment must be set forth on a separate document distinct from any findings of fact, conclusions of law, opinion, or memorandum").  "Th[e] separate document provision in Civil Rule 58 was added in 1983 to 'prevent any uncertainty concerning the date a judgment becomes final and effective, for the purposes of determining when the time limitations for . . . appeals begin[] to run.' " *Richard v. Boggs*, 162 P.3d 629, 633 (Alaska 2007) (quoting *Schneider v. Pay'N Save Corp.*, 723 P.2d 619, 622 (Alaska 1986)).

We may relax the time limits for appeal "to avoid injustice."[10] And we have excused strict compliance with the procedural rules for appeals brought by pro se litigants like Mulligan.[11] We choose to reach the merits of her appeal.

**B.      It Was An Abuse Of Discretion To Deny Mulligan's Third Petition To Reopen The Case After She Had Successfully Served HMS's Registered Agent.**

As explained in more detail above, Mulligan commenced this case in September 2017 but failed to effectuate service for over a year despite the superior court's reminders. In December 2018 Mulligan served HMS by mail; although the service packet "ultimately found its way to HMS's in-house counsel's office," HMS argued that service was insufficient under Civil Rule 4(h) because it had not been sent restricted delivery and that it was also insufficient under Civil Rule 4(d)(4) because it named only the corporation and not an individual authorized to accept service. Mulligan subsequently insisted that she had properly served HMS by delivering documents to the attorney who had entered a limited appearance to contest service; she was clearly wrong about this, but she apparently maintained her mistaken position until the court dismissed her case for the second time for insufficiency of service of process.

The July 2019 dismissal, like the first two, was without prejudice. When Mulligan moved to reopen the case for the third time, about three weeks later, she included proof that HMS had been properly served by service on its registered agent in Juneau. While there is no doubt that Mulligan was slow to act, we conclude that under

---

[10]     *Griswold*, 252 P.3d at 1027 (quoting *Richard*, 162 P.3d at 633).

[11]     *See id.* (excusing pro se litigant's late appeal when litigant misinterpreted rule that "might have confused even a law-trained individual"); *In re Adoption of Erin G.*, 140 P.3d 886, 889 (Alaska 2006) (allowing untimely appeal when pro se litigant attempted to resolve confusion over court-appointed attorney).

these circumstances the superior court should have granted the motion to reopen her case.

In reaching this conclusion we follow *Gilbert v. Nina Plaza Condo Ass'n*, a case with similar facts.[12] Gilbert, representing herself, filed a complaint in July 1998, but the superior court dismissed the action about two years later after learning that neither party was prepared for trial.[13] At about the same time, Gilbert filed a second complaint; the superior court dismissed that one for failure of service in January 2001.[14] Over the next six months Gilbert made repeated attempts to reopen the case, but the court denied her motions.[15] Her third and last motion asserted that she had "rectified any deficiencies in service" flagged by the defendants in their earlier oppositions to her attempts to reopen the case.[16]

We concluded that it was error to deny the last motion to reopen the case under the circumstances.[17] And several of the same circumstances are present here. First, despite Mulligan's persistent failures of service, HMS had actual notice of the case at least nine months before the company was successfully served; it does not claim actual prejudice from the delay.[18] Second, on her third attempt to open the case,

---

[12] 64 P.3d 126 (Alaska 2003).

[13] *Id.* at 127.

[14] *Id.* at 127-28.

[15] *Id.* at 128.

[16] *Id.*

[17] *Id.* at 131.

[18] HMS does assert that Mulligan is a "serial litigant" who has filed over 30 lawsuits since 2017 against a variety of defendants. We note that abusive litigation may
(continued...)

Mulligan, like Gilbert, "had undisputedly succeeded in making proper service."[19]  We also take into account *Gilbert*'s similar time line as well as the fact that Gilbert, like Mulligan, was self-represented.  When these salient details are considered, *Gilbert* is not meaningfully distinguishable.

We also observe that Mulligan could file a new lawsuit, rather than attempting to reopen the one that has been repeatedly dismissed, and serve HMS with process again, and at that point — as HMS acknowledges — HMS would be required "to address her claims."  The distinction between the two courses may be lost on an unrepresented litigant, and we cannot see that requiring Mulligan to file a new lawsuit would help "secure the just, speedy and inexpensive determination" of her action.[20]  We therefore conclude that it was an abuse of discretion to deny Mulligan's attempt to reopen the case following her successful service on the defendant.

## V.  CONCLUSION

We REVERSE the superior court's September 3, 2019 order denying Mulligan's petition to reopen the case and REMAND for further proceedings.

---

[18]  (...continued)
be addressed in ways other than dismissal for lack of service.

[19]  *Gilbert*, 64 P.3d at 130.

[20]  Alaska R. Civ. P. 1.