NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| STEVE BACHMEIER, ) | |
| ) | Supreme Court No. S-17824 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-20-04434 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| STATE OF ALASKA, DEPARTMENT ) | AND JUDGMENT* |
| OF CORRECTIONS, ) | |
| ) | No. *1889* – May 4, 2022 |
| Appellee. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Andrew Peterson, Judge.

Appearances: Steve Bachmeier, pro se, Kenai, Appellant. Andalyn Pace, Assistant Attorney General, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for Appellee.

Before: Winfree, Chief Justice, Maassen, Carney, Borghesan, and Henderson, Justices.

## I.      INTRODUCTION

A prisoner appealed disciplinary sanctions imposed by the Department of Corrections (DOC) to the superior court. The prisoner included with his appeal a copy of the prison superintendent's final decision of the prisoner's internal DOC appeal but not a copy of the underlying decision of the DOC disciplinary tribunal. The prisoner requested a partial exemption from a full filing fee and a waiver of the statutory

---

\*      Entered under Alaska Appellate Rule 214.

requirement that filing fees be prepaid. The court eventually dismissed the prisoner's appeal on two alternative grounds: first, that he failed to include with his appeal a copy of the decision being appealed, as required by court rule; and second, that he failed to prepay his filing fee, as required by statute.

The prisoner appeals. We conclude that it was an abuse of discretion to dismiss the appeal on the ground that the prisoner failed to submit a copy of the decision being appealed because he did in fact comply with that requirement. Further, we note that the prisoner's appeal may involve a punitive segregation sanction that would entitle him to relaxation of the filing fee requirements. We therefore reverse the order dismissing the appeal and remand for further proceedings.

## II. FACTS AND PROCEEDINGS

Steve Bachmeier, while a prisoner at the Anchorage Correctional Complex (ACC), was involved in an incident for which he was sanctioned by a disciplinary tribunal.[1] The sanctions included a 60-day loss of commissary privileges and — apparently — 40 days of punitive segregation.[2] Bachmeier appealed the disciplinary tribunal's decision to the ACC superintendent, who denied the appeal.

Bachmeier then filed an appeal with the superior court in Juneau. With his appeal he submitted a copy of the superintendent's written denial of his appeal from the disciplinary tribunal's decision; he also requested that his appeal be accepted without prepayment of the filing fee and that he be exempted from the full filing fee under

---

[1] The record does not indicate the nature of the incident.

[2] Punitive segregation is not mentioned in the superintendent's decision or in Bachmeier's opening brief in this appeal, but Bachmeier attaches a document to his reply brief — not otherwise found in our record — that indicates a punitive segregation sanction as well as the loss of commissary privileges.

AS 09.19.010.[3] The court granted a partial filing fee exemption; it calculated that the filing fee required by the statute was $5.09.[4] But the court declined to waive prepayment, because the sanction it believed Bachmeier was appealing — loss of commissary privileges — was not serious enough to warrant a waiver under our decision in *Barber v. State, Department of Corrections*.[5]

DOC then moved to dismiss Bachmeier's appeal for "failure to include agency decision appealed." DOC argued that Bachmeier was required to provide a copy of the disciplinary tribunal's decision:

> Pursuant to Alaska Rule of Appellate Procedure 602(c)(1)(D) a party appealing an agency decision must serve with their notice of appeal "a copy of the district court judgment or agency decision from which the appeal is taken." Bachmeier did not attach a copy of the disciplinary board's decision, and Rule of Appellate Procedure 602(c)(3) dictates that the clerk of the superior court "shall refuse to accept for filing any notice of appeal not conforming with the requirements of the rule."

The superior court conditionally granted DOC's motion to dismiss, allowing Bachmeier an extension of time to file "the agency decision he appeals from" if he wished to avoid dismissal.

---

[3] Alaska Statute 09.19.010(c) allows a court to exempt a prisoner from paying full filing fees if the court finds that exceptional circumstances justify the exemption.

[4] The superior court calculated the filing fee by taking the average of the two deposits to Bachmeier's DOC financial account — one in June 2019 ($49.12) and one in October 2019 ($1.75) — and then taking 20% of that value. We explain below why this was incorrect.

[5] 314 P.3d 58 (Alaska 2013) (holding that indigent prisoner sanctioned with punitive segregation was entitled to waiver of statutory requirement that filing fees for certain prisoner litigation be prepaid).

Bachmeier filed a tardy opposition arguing that he had already provided the correct agency decision, again attaching a copy of the superintendent's decision denying his appeal. He also requested a recalculation of the filing fee, which he argued should be "less than a [dollar]." The superior court, in response, acknowledged that Bachmeier had filed the superintendent's decision multiple times but insisted that he "instead needs to file with the court the DOC Report of Disciplinary Decisions . . . which is the original written decision of the agency's disciplinary tribunal."

The case was then transferred from Juneau to Anchorage on DOC's motion for a change of venue. The Anchorage clerk of court mailed Bachmeier a notice requiring that the filing fee previously calculated — $5.09 — be paid within six weeks or "the case will be dismissed." Bachmeier responded with several motions, urging the court to "set correct filing fee amount, accept appeal without prepayment of minimum filing fee amount and use correct final agency [decision] for filing of brief." But the superior court ultimately denied Bachmeier's appeal:

> Mr. Bachmeier still has not included a copy of the final agency decision in this case — the DOC Record of Disciplinary Decisions. Without that document, the court cannot examine the underlying decision before this court. [The Juneau superior court] gave Mr. Bachmeier two chances to file the appropriate decision. Because Mr. Bachmeier has failed to do so, this appeal is DENIED.

A week later the court issued another order "to clarify the effect of the court's prior order." The court noted an alternative ground for dismissal of Bachmeier's appeal:

> The civil division of the court issued [a] notice on January 30, 2020. It informed Mr. Bachmeier that the court would dismiss his appeal if he did not pay the $5.09 filing fee by March 16, 2020. The court has refused to accept Mr. Bachmeier's repeated requests to adjust the filing fee.

Because Mr. Bachmeier has failed to pay the fee, the notice would be an independent ground to dismiss this case[.]

Bachmeier appeals the dismissal of his appeal.

## III.   STANDARDS OF REVIEW

"The interpretation of a statute is a question of law to which we apply our independent judgment, interpreting the statute according to reason, practicality, and common sense, considering the meaning of the statute's language, its legislative history, and its purpose."[6]  "We review procedural dismissals for abuse of discretion."[7]  "Under the abuse of discretion standard, the trial court's decision will only be overturned if this court has 'a definite and firm conviction that the judge made a mistake.' "[8]  "[W]e review the trial court's factual findings for clear error and its legal determinations de novo."[9]

## IV.   DISCUSSION

### A.   Because Bachmeier Submitted The Correct Final DOC Decision With His Appeal, It Was An Abuse Of Discretion To Dismiss The Appeal For Failure To Include The Final Agency Decision.

When a superior court is acting as an appellate court on an appeal from an agency decision, Alaska Appellate Rule 602(c)(1)(D) requires that "[a]t the time the notice of appeal is served and filed, it must be accompanied by . . . a copy of the . . . agency decision from which the appeal is taken."  Bachmeier challenges the superior

---

[6]     *Johnson v. State, Dep't of Corr.*, 380 P.3d 653, 655 (Alaska 2016) (quoting *Barber*, 314 P.3d at 62).

[7]     *Gilbert v. Nina Plaza Condo Ass'n*, 64 P.3d 126, 128 n.1 (Alaska 2003).

[8]     *Id.* (quoting *Arbelovsky v. Ebasco Servs., Inc.*, 922 P.2d 225, 227 (Alaska 1996)).

[9]     *Clark J. v. State Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 483 P.3d 896, 901 (Alaska 2021) (alteration in original).

court's determination that his appeal was deficient because he failed to include the DOC disciplinary tribunal's decision as the "agency decision from which the appeal is taken." Bachmeier argues that the superintendent's decision — the one he included more than once — is the agency decision contemplated by the statute.

Bachmeier is correct.[10] "[T]he determinative question in deciding whether [an agency] decision is reviewable is whether it ended the case at the agency level and thus constituted final agency action."[11] The DOC regulations provide: "A decision on appeal that has no further level of appeal under this section is a final decision and order of the department that may be appealed to the superior court in accordance with AS 33.30.295 and the Alaska Rules of Appellate Procedure."[12] The disciplinary tribunal's decision was not "a final decision and order of the department" for purposes of judicial review; Bachmeier had no right to judicial review until he had exhausted his administrative appeal rights. This meant appealing to the superintendent.[13]

In short, the superintendent's decision, not the disciplinary tribunal's decision, is the "agency decision from which the appeal is taken" as described in Appellate Rule 602(c)(1)(D). Bachmeier included a copy of the correct decision with his appeal. Further preparation of the record — to include the underlying disciplinary

---

[10] DOC does not address this ground for dismissal in its brief on appeal, presumably recognizing its untenability.

[11] *State, Dep't of Fish & Game, Sport Fish Div. v. Meyer*, 906 P.2d 1365, 1370 (Alaska 1995).

[12] 22 Alaska Administrative Code (AAC) 05.480(o) (2004).

[13] *See* 22 AAC 05.480(b) ("In addition to submitting the notice of appeal under (a) of this section [to the hearing officer or disciplinary committee chair], the prisoner must submit the written appeal to the superintendent of the facility where the disciplinary infraction was heard within three working days after receipt of the disciplinary tribunal's written decision . . . .").

tribunal's decision — was not Bachmeier's responsibility but DOC's.[14]  It was therefore an abuse of discretion to dismiss Bachmeier's appeal because of a failure to file "the agency decision from which the appeal is taken."

**B.      For Purposes Of Determining The Filing Fee Issues On Remand, The Court Must Confirm Whether Bachmeier Received A Sanction Of Punitive Segregation.**

To appeal an agency decision to the superior court, a prisoner is required by AS 09.19.010(a) to prepay full filing fees unless the prisoner is entitled to a reduction. The filing fee will be reduced "if the court finds that exceptional circumstances prevent the prisoner from paying full filing fees."[15]  The reduced fee is calculated as "20 percent of the larger of the average monthly deposits made to the prisoner's account . . . or the average balance in that account" over the six months preceding the request for a reduction.[16]

In *Barber* we explained that "[c]ases may potentially arise under [AS 09.19.010] in which prisoners are required to pay minimum fees that are completely beyond their reach."[17]  We held that "[p]unitive segregation is a liberty deprivation sufficient to trigger the Alaska Constitution's due process guarantee,"[18] and therefore, when a prisoner is sanctioned with punitive segregation, "due process cannot allow [the

---

[14]     *See* Alaska R. App. P. 604(b).

[15]     AS 09.19.010(c).

[16]     AS 09.19.010(d).

[17]     *Barber v. State, Dep't of Corr.*, 314 P.3d 58, 63 (Alaska 2013) (second alteration in original) (quoting *George v. State*, 944 P.2d 1181, 1190 (Alaska App. 1997)).

[18]     *Id.* at 64 (citing *Brandon v. State, Dep't of Corr.*, 73 P.3d 1230, 1234 (Alaska 2003)).

State's interest in reducing frivolous prisoner litigation] to be furthered by barring an individual prisoner's court access because of an actual inability to pay."[19]  We held that as applied to prisoners sanctioned with punitive segregation with no ability to pay the reduced fee, "AS 09.19.010 denies adequate procedural due process."[20]

We remanded the *Barber* case to the superior court with instructions that "[i]f the mandatory filing fees exceed Barber's available funds and cannot be paid in a reasonable time through extensions or installment payments, the superior court shall allow Barber's litigation to proceed."[21]  And we suggested a solution of "allow[ing] the litigation to proceed while placing a hold on Barber's [DOC account] to secure the filing fees if and when funds become available."[22]

The final decision that Bachmeier filed with his notice of appeal — the superintendent's decision on appeal — refers only to Bachmeier's "60 days loss of commissary," and he does not describe the sanctions at all in his opening brief.  In his reply brief, however, Bachmeier asserts that he also received a 40-day punitive segregation sanction in addition to a loss of commissary privileges, and he attaches a document captioned "Discipline Hearing Details" that appears to support his assertion. This evidence was not provided to the superior court by either party (though equally available — and presumably known — to both), and we cannot fault the superior court for concluding that only a loss of commissary privileges was at issue.[23]

---

[19]    *Id.* at 66.

[20]    *Id*.

[21]    *Id.* at 69.

[22]    *Id*.

[23]    There is at least a suggestion in the superior court record that Bachmeier's
(continued...)

On remand, however, the court should determine whether Bachmeier did in fact receive a sanction of punitive segregation. As we held in *Barber*, due process requires that a prisoner sanctioned with punitive segregation have access to a judicial appeal.[24] If a punitive segregation sanction is at issue and Bachmeier is unable to pay the filing fee as calculated under AS 09.19.010, the court should consider following the procedure authorized in *Barber*: "allow the litigation to proceed while placing a hold on [Bachmeier's DOC financial account] to secure the filing fees if and when funds become available."[25]

## C.  The Superior Court Miscalculated The Filing Fee Under AS 09.19.010.

For purposes of remand we also point out a basic error in the superior court's calculation of Bachmeier's reduced filing fee under AS 09.19.010. The statute requires that a reduced filing fee be, "at a minimum, . . . equal to 20 percent of the larger of the average monthly deposits made to the prisoner's account [for the preceding six-month period] or the average balance in that account, not to exceed the amount of the full filing fee required under applicable court rules."[26] Bachmeier filed his request for a filing fee exemption in November 2019, so the relevant six-month period was from April to October of that year. DOC's statement of Bachmeier's account showed two deposits during that time: one of $49.12 in June and one of $1.75 in October. The superior court

---

[23]   (...continued)
appeal involved punitive segregation. DOC argued to the superior court: "DOC's efforts to maintain order would be severely undermined if every time an inmate was ordered to do punitive time as a consequence for violating institutional rules, the inmate could indefinitely stall the sanction simply by filing a motion . . . ."

[24]   *Barber v. State, Dep't of Corr.*, 314 P.3d at 69.

[25]   *Id.*

[26]   AS 09.19.010(d).

averaged these two deposits and calculated Bachmeier's filing fee — $5.09 — as 20 percent of the average of the two. But the calculation should have averaged the amount of deposits for all six months, not just the two in which the deposit was more than zero. Dividing the total by six rather than two necessarily results in a significantly lower filing fee.

## V.     CONCLUSION

We REVERSE the superior court's order dismissing Bachmeier's appeal and REMAND for further proceedings consistent with this opinion.