NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

RAYMOND KATCHATAG, )
)  Supreme Court No. S-19133
Appellant, )
)  Superior Court No. 1JU-22-00704 CI
v. )
)  MEMORANDUM OPINION
STATE OF ALASKA, )  AND JUDGMENT*
DEPARTMENT OF CORRECTIONS, )
)  No. 2139 – March 11, 2026
Appellee. )
)

Appeal from the Superior Court of the State of Alaska, First Judicial District, Juneau, Marianna C. Carpeneti, Judge.

Appearances: Raymond Katchatag, pro se, Seward, Appellant. Christopher W. Yandel, Assistant Attorney General, Anchorage, and Treg Taylor, Attorney General, Juneau, for Appellee.

Before: Carney, Chief Justice, and Borghesan, Henderson, Pate, and Oravec, Justices.

I.    INTRODUCTION

An inmate sued the Department of Corrections (DOC) and DOC officials alleging violations of his constitutional rights. After almost two years of litigation and multiple amendments to the complaint, the superior court dismissed the lawsuit with prejudice because the inmate had failed to properly serve any defendants with the

---

*       Entered under Alaska Appellate Rule 214.

summons and complaint as required by Alaska Civil Rule 4.  The inmate then filed a motion for reconsideration, which the court denied.

The inmate appeals both the dismissal of the lawsuit with prejudice and the denial of the motion for reconsideration.  We conclude that the superior court did not abuse its discretion either in dismissing the case or in denying the motion.  But because the superior court did not warn the inmate that he would be unable to refile the lawsuit if he failed to comply with Rule 4, it was an abuse of discretion to designate the dismissal as being with prejudice.  Therefore, we remand for the court to reissue its order as a dismissal without prejudice.

## II.    FACTS AND PROCEEDINGS

### A.    Initial Complaint

Raymond Katchatag is an inmate in DOC custody.  In July 2022, Katchatag and two other inmates filed suit in superior court against DOC and a number of DOC officials.  The complaint alleged that the defendants had violated the inmates' constitutional rights by furnishing cells in their housing unit with "a concrete slab and block" instead of "an actual desk with stool combination and a small shelf."  That same day, Katchatag filed a motion asking the court to "fax copies of the complaint" to himself, the other plaintiffs, and the DOC commissioner's office.  The court denied the motion, explaining that "[p]laintiffs need to serve defendants in accordance with the civil rules.  The Court System does not and may not participate in serving legal parties."

In June and July 2022, Katchatag attempted to serve some defendants with the complaint, but the court clerk had not yet issued the summons that had to be served with the complaint.[1]  In August, the court clerk issued a summons and notice of judicial

---

[1]    *See* Alaska R. Civ. P. 4(d)(7)-(8) (providing for service on officer or agency of state "by sending a copy of the summons and the complaint by registered or certified mail to the Attorney General of Alaska" and "by delivering a copy of the summons and of the complaint to such officer or agency.").

assignment for each defendant. There is no indication that Katchatag served any defendant with both the initial complaint and the summons, as required by Alaska Civil Rule 4.

### B. Motions

Over the next year and a half, Katchatag filed several motions and requests to amend the complaint, but he did not complete proper service on any defendant despite repeated reminders from the court.

In November 2022, Katchatag moved for leave to amend the complaint and join an additional plaintiff. The court granted the motion and set a January 2023 deadline for filing and service of the amended complaint. The court permitted Katchatag to "request an extension of time from the Court for good cause." Katchatag requested two extensions of time to amend, first in February 2023 and again one month later. He did not seek an extension of time for service.

Meanwhile, Katchatag filed two motions to compel and a motion to stay. In its rulings on the first motion to compel and the motion to stay, the court alerted Katchatag to deficiencies with service in the case.[2] In March 2023, the court issued an order denying Katchatag's first motion to compel on the basis that it lacked personal jurisdiction over the defendants because they had not yet been served. Two months later, the court denied Katchatag's motion for stay, noting once again that service was incomplete. Still, the court extended the deadline for proof of service until August 2023 and explained that if Katchatag did not "serve defendants or file proof of diligent efforts to serve" by that date, the court would have discretion to "dismiss this case without prejudice pursuant to Civil Rule 4(j)."

In early June, Katchatag filed an amended complaint for declaratory judgment, injunctive relief, and jury trial, naming only himself as plaintiff and DOC as

---

[2] The court never reached the merits of the second motion to compel because it was rejected for administrative deficiencies.

defendant. In mid-June, he moved for clarification regarding how to file a class action complaint and how to receive a stamped copy of the amended complaint. In August, the court issued an order responding to Katchatag's questions. The court also explained that "for this lawsuit to proceed further, Mr. Katchatag must serve a summons and the June 5, 2023 complaint on each defendant pursuant to Civil Rule 4 along with an affidavit identifying the parties who have been served, the date service was made, and the parties who remain unserved." The court attached instructions for how to serve a summons in a civil lawsuit and a court form for a Rule 4(f) affidavit. The court once again extended the deadline for proof of service, this time to December 22.

In September, Katchatag filed a second motion for clarification regarding how to join other plaintiffs in the lawsuit. Responding to the second clarification motion, the court granted Katchatag leave to amend his complaint a second time so that he could add plaintiffs. The court allowed him until November 2023 to file a second amended complaint joining the other plaintiffs, but it maintained the December 22 deadline for proof of service and reiterated that he could request an extension of time for good cause. The court again attached the court form for a Rule 4(f) affidavit and instructions on how to serve a summons.

Katchatag then filed a motion for a temporary restraining order barring DOC from transferring him to another facility. The court denied both motions[3] without prejudice and explained that it could not bind DOC to a temporary restraining order before Katchatag had completed service. The court noted that it had "advised Mr. Katchatag about how to serve defendants in this case and . . . provided him the materials to do so" and that it had "extended the deadline for him to serve defendants in recognition of the difficulties imposed on self-represented, incarcerated individuals."

---

[3] He simultaneously filed a Motion for Expedited Consideration.

The court then directed him to "refer to the court's prior orders in order to complete service."

### C. Dismissal And Denial Of Reconsideration

On November 8 — one day before the court's deadline to file a second amended complaint — Katchatag filed a request for voluntary dismissal of the case, in which he explained that he was having difficulty accessing the prison's law library and providing a copy of the complaint to co-plaintiffs. But on December 22, before any dismissal order was issued, he filed a second amended complaint signed by himself and a fellow inmate.[4] Katchatag then attempted to serve some DOC officials and the Department of Law. All of these attempts were made by first-class mail, and all but one occurred after the December 22 deadline for proof of service.

The court accepted the second amended complaint, deemed the request for voluntary dismissal moot, and directed DOC to file briefing setting forth its position on whether it needed to respond. After DOC initially failed to do so, the court issued a second order indicating that "[i]f the state does not respond, the court will hold a show cause hearing at which [the state] must present some justification for the state's failure to follow the court's order." DOC then responded to the court's orders, contending that it was not required to respond to the second amended complaint because Katchatag had failed to serve defendants in compliance with Rule 4.

In April 2024, the court issued an order granting Katchatag's prior request for voluntary dismissal, which it had deemed moot two months earlier, and dismissed the case "with prejudice for failure to serve defendants pursuant to Civil Rule 4." Katchatag then filed a motion for reconsideration, arguing that he had served seven of ten defendants and that DOC was impeding his ability to comply with Rule 4 by

---

[4] The caption of the second amended complaint named only Katchatag and DOC as parties, but the main text listed the other inmate as an additional plaintiff and a number of DOC officials as additional defendants.

refusing to allow him to utilize certified mail. He attached a grievance form that he had submitted to DOC staff in February 2024 requesting the use of certified mail. The court denied the motion, explaining that Katchatag had failed to "list any reason pursuant to [Civil] Rule 77[k] that allows the Court to reconsider its order."

Katchatag appeals.

## III. STANDARD OF REVIEW

We review procedural dismissals and decisions to dismiss with prejudice for abuse of discretion.[5] "The denial of a motion for reconsideration under Civil Rule 77(k) is reviewed for abuse of discretion."[6] Under this standard, we will only overturn the superior court's decision if we have "a definite and firm conviction that the judge made a mistake."[7]

## IV. DISCUSSION

### A. It Was An Abuse Of Discretion To Dismiss The Case With Prejudice.

On appeal, Katchatag challenges the superior court's dismissal of his complaint for improper service, arguing that he served "seven of the ten" defendants and that court staff failed to inform him of procedures for proper service. He also objects to several procedural aspects of the court's order dismissing the case. DOC argues solely that the superior court lacks personal jurisdiction because Katchatag failed to serve any defendant in compliance with Rule 4.

Because Katchatag failed to complete service on any defendant, and the superior court met its duty to provide guidance to a self-represented litigant regarding proper procedures, the court did not abuse its discretion by dismissing the case for lack

---

[5] *Gilbert v. Nina Plaza Condo Ass'n*, 64 P.3d 126, 128 n.1 (Alaska 2003); *DeSalvo v. Bryant*, 42 P.3d 525, 527 (Alaska 2002).

[6] *Buchholdt v. Nelson*, 534 P.3d 91, 93 (Alaska 2023).

[7] *Gilbert*, 64 P.3d at 128 n.1 (quoting *Arbelovsky v. Ebasco Servs., Inc.*, 922 P.2d 225, 227 (Alaska 1996)) (internal quotation marks omitted).

of service. But because voluntary dismissals are typically without prejudice, and the court did not inform Katchatag in advance that he would be unable to refile the case, it was an abuse of discretion to dismiss the case with prejudice.

### 1.    Noncompliance with Rule 4

DOC contends that Katchatag's attempts to serve some defendants with the initial complaint could not have been in compliance with Rule 4 because these attempts occurred before the clerk of court issued the summons. It next asserts that Katchatag's attempts to serve some defendants with the second amended complaint were incomplete because they were by first class mail instead of certified mail with return service requested. We agree.

We have recognized that plaintiffs must strictly comply with the requirements for service of process outlined in Rule 4.[8] Under that rule, a plaintiff must "cause the summons and a copy of the complaint to be served" on all defendants.[9] Process may be served upon a state officer or agency "by sending a copy of the summons and the complaint by registered or certified mail to the Attorney General of Alaska, Juneau, Alaska . . . and by delivering a copy of the summons and of the complaint to such officer or agency."[10] Any service by mail must be "by registered or certified mail, with return receipt requested."[11]

As DOC asserts, none of Katchatag's attempts at service complied with Rule 4. Although mail return receipts show that Katchatag served at least some defendants with the initial complaint, there is no indication in the record that he served

---

**8**      *See Hertz v. Carothers*, 225 P.3d 571, 574-75 (Alaska 2010); *State, Dep't of Corr. v. KILA, Inc.*, 884 P.2d 661, 662 (Alaska 1994).

**9**      Alaska R. Civ. P. 4(a).

**10**      Alaska R. Civ. P. 4(d)(7)-(8).

**11**      Alaska R. Civ. P. 4(h).

any defendant with both the summons and the initial complaint.[12] Then, after Katchatag filed the second amended complaint, he attempted to serve some defendants by first-class mail, but there is no indication that he served any defendant with the second amended complaint by registered or certified mail, as required by Rule 4.[13]

Katchatag argues that the clerk of court and the superior court judge failed to notify him that he had not properly served the defendants under Rule 4.[14] We have explained that in a case involving a self-represented litigant, the superior court "must relax procedural requirements to a reasonable extent."[15] This means that "a court 'should inform a [self-represented] litigant of the proper procedure for the action he or she is obviously attempting to accomplish' and should also 'inform [self-represented] litigants of defects in their pleadings.' "[16]

Here, because Katchatag is a self-represented litigant, his failure to complete service could be excused if the superior court did not properly advise him

---

[12] In the reply, Katchatag asserts that there was an "original certified copy of the Notice of Summons . . . dated prior to the one provided by the State, thus qualifying the Service as timely," but he points to no evidence in the record to support that assertion. Regardless, an argument raised for the first time in a reply brief is generally considered waived. *Patterson v. Matanuska-Susitna Borough Sch. Dist.*, 523 P.3d 945, 953 (Alaska 2022).

[13] Alaska R. Civ. P. 4(d)(7)-(8), (h).

[14] Rule 4(j) requires the clerk of court to "review each pending case 120 days after filing of the complaint to determine whether all defendants have been served." If not, "the clerk shall send notice to the plaintiff to show good cause in writing why service on that defendant is not complete." Alaska R. Civ. P. 4(j). Katchatag filed the initial complaint in this case on July 1, 2022. There is no indication in the record that by October 29, 2022 — 120 days later — the clerk of court sent a deficiency notice to Katchatag. But this omission did not prejudice Katchatag because the court did not dismiss the case as to any defendant at that stage of the litigation.

[15] *Gilbert v. Nina Plaza Condo Ass'n*, 64 P.3d 126, 129 (Alaska 2003).

[16] *Id.* (footnote omitted) (first quoting *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987); and then quoting *Wright v. Shorten*, 964 P.2d 441, 444 (Alaska 1998)).

regarding procedures for service of process.[17]  But the superior court repeatedly explained to Katchatag that service was incomplete and provided detailed instructions on how to serve a summons.  It also extended the deadline for service several times and accepted Katchatag's late filings.  Even as a self-represented plaintiff, Katchatag was still "expected to . . . acquire general familiarity with and attempt to comply with the rules of procedure."[18]  The superior court appropriately provided guidance to Katchatag about how to serve defendants.[19]

Katchatag also objects to the fact that the superior court did not hold a show cause hearing, which the court referenced in its order directing DOC to file a response to the second amended complaint.  This argument lacks merit:  in the order, the court explained that a show cause hearing would only be necessary if DOC failed to respond.  But DOC did file a response to the court's order, and the court did not dismiss the case until after it had received the response.

As the superior court explained to Katchatag, courts lack personal jurisdiction over parties who have not been properly served.[20]  The superior court did not abuse its discretion by dismissing the case for lack of proper service.

---

**17**     *See Leahy v. Conant*, 447 P.3d 737, 743-44 (Alaska 2019) (reversing grant of summary judgment against self-represented inmate because superior court had failed to advise inmate of need to submit affidavits in opposition to summary judgment motion).

**18**     *Gilbert*, 64 P.3d at 129 (quoting *Kaiser v. Sakata*, 40 P.3d 800, 803 (Alaska 2002)) (internal quotation marks omitted).

**19**     *See Torrence v. Blue*, 552 P.3d 489, 494 (Alaska 2024) (recognizing that court must balance its "role as a neutral and impartial decisionmaker" with its "affirmative duty to advise self-represented litigants" (quoting *Bush v. Elkins*, 342 P.3d 1245, 1253 (Alaska 2015) (internal quotation marks omitted))).

**20**     *See Buchholdt v. Nelson*, 534 P.3d 91, 93 (Alaska 2023); *Bartlett v. State, Dep't of Revenue ex rel. Bartlett*, 125 P.3d 328, 331 (Alaska 2005).

### 2. Dismissal with prejudice

In its order regarding Katchatag's motion for stay, the court explained that if Katchatag failed to serve the initial complaint or first amended complaint by August 1, 2023, "the Court may dismiss the case *without prejudice* pursuant to Civil Rule 4(j)."[21] There is no indication in the record that the court warned Katchatag that a dismissal for improper service would be with prejudice. Absent a contrary statement from the court, it was reasonable for Katchatag to assume that his continued failure to complete service would lead to a dismissal without prejudice. And as Katchatag points out in his briefing, the court initially deemed his request for voluntary dismissal to be moot but later reversed course and granted the request. A voluntary dismissal is typically without prejudice, unless otherwise indicated by the plaintiff.[22]

Because the court had previously told Katchatag that a dismissal of the case would be without prejudice, and because he did not state otherwise in his request, there is no reason to believe that he intended for the voluntary dismissal to be with prejudice. It was therefore an abuse of discretion to designate the dismissal as being with prejudice. On remand, we direct the superior court to reissue the dismissal order as a dismissal without prejudice.

### B. The Superior Court Did Not Abuse Its Discretion By Denying Katchatag's Motion For Reconsideration.

Katchatag argues that the superior court improperly denied his motion for reconsideration. He contends that the superior court should not have disregarded the grievance form that he attached to the motion.

Civil Rule 77(k) allows a party to move for reconsideration of a court's ruling "within ten days after the date of notice of the ruling." A motion for

---

[21] Emphasis added.

[22] Alaska R. Civ. P. 41(a)(1).

reconsideration must specifically state one of the four grounds for reconsideration specified in Civil Rule 77(k)(1)(A)-(D).[23]

In the motion, Katchatag did not specify the ground under Rule 77(k) for which he sought reconsideration of the dismissal. He argued that he had properly served at least some of the defendants, but this was not an overlooked fact because service was not proper as to any defendant. He also raised the new argument that DOC was "impeding [his] opportunity to follow Civil Rule 4" by failing to provide him with certified mail materials.

In general, "[a] trial court is 'under no obligation to consider an issue raised for the first time in a motion for reconsideration.' "[24] However, we may review these arguments for plain error.[25] Here, there is no indication that Katchatag raised the issue to DOC officials until February 2024, well after the deadline for proof of service and nearly a year after receiving instructions on how to serve a summons. If Katchatag was having trouble receiving the necessary materials for certified mail, he could have raised this issue earlier as good cause for extension of the deadline for proof of service. In addition, the official who responded to the grievance indicated that "[t]he mail in question was not being sent to a legal source" but was instead "going to other department facilities." Therefore, it is not clear that any failure by DOC to provide Katchatag with certified mail materials in February 2024 impeded the service of legal

---

[23]  Alaska R. Civ. P. 77(k)(1)(A)-(D) provides that reconsideration is proper when the court:  (1) "overlooked, misapplied or failed to consider a statute, decision or principle directly controlling," (2) "overlooked or misconceived some material fact or proposition of law," (3) "overlooked or misconceived a material question in the case," or (4) "[t]he law applied in the ruling has been subsequently changed by court decision or statute."

[24]  *Jaymot v. Skillings-Donat*, 216 P.3d 534, 544 (Alaska 2009) (quoting *Blackburn v. State, Dep't of Transp. & Pub. Facilities*, 103 P.3d 900, 906 (Alaska 2004)).

[25]  *Morris v. Morris*, 506 P.3d 8, 14 (Alaska 2022).

documents.[26]  The court did not plainly err in failing to consider this argument, and it did not abuse its discretion in denying the motion for reconsideration.

## V.    CONCLUSION

We AFFIRM the superior court's order denying the motion for reconsideration.  We AFFIRM the dismissal of the case but REMAND with instructions to reissue the dismissal order as a dismissal without prejudice.

---

[26]    *See* 22 AAC 05.520(a) ("The [DOC] commissioner will establish procedures under which a prisoner without money in the prisoner's account, will be able to mail, at the facility's expense, letters relating to legal matters."); Dep't of Corr. Proc. 810.03(IV)(C)(5) ("Certified or registered mail shall be provided at the discretion of the Superintendent and only when necessary, such as for purposes of service of the summons and complaint in a legal proceeding.  The Superintendent may confer with legal counsel to determine if certified or registered mail is necessary.").